IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-01

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1. GEORGE H. ASKEW**,

        Defendant.

---

## MOTION TO DETAIN GEORGE ASKEW WITHOUT BOND

---

The United States of America, by United States Attorney for the District of Colorado John F. Walsh, through Assistant United States Attorney Guy Till (Government), hereby enters the Government's Motion to Detain Defendant George H. Askew (defendant) Without Bond pursuant to the terms of Title 18 U.S.C. § 3142 (Motion). The Government respectfully asks the Court to take judicial notice of the contents of its own file in this case.

1. The defendant has been charged with violations giving rise to the Title 18 U.S.C. § 3142 statutory presumption favoring detention without bond. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1990). Other pertinent factors show the defendant is a risk of flight and a danger to the community. The defendant is an associate or "hang around" of the Hell's Lovers Motorcycle Club (HLMC), a self styled "0%" "outlaw" motorcycle organization. Upon information and belief, the defendant is a nephew or cousin of co-defendants Calvin Riley and Corey Riley, both of whom and full patched "christened" members of HLMC and former HLMC officers. The HLMC has chapters in a number of states and is generally known as a criminal culture organization comprised of more than one thousand members and associates. *See*:

http://en.wikipedia.org/wiki/Hell's_Lovers. The HLMC has resources which could support the flight of a defendant from prosecution.

    2. As to defendant George H. Askew, the Indictment in the present case includes charges of violating Title 21 U.S.C. Section 841(a)(1) and (b)(1)(B) in Count One, based on an allegation that George H. Askew possessed with intent to distribute more than 28 grams a quantity of crack cocaine. Because this defendant has one or more prior State of Colorado drug felony convictions, the Section 841(b)(1)(B) the statutory minimum mandatory sentence is subject to being increased when an Information pursuant to Title 21 U.S.C. Section 851 is filed by the Government.[1] The Count One offense conduct also took place when children were present on the premises and within 1000 feet of a school. A superseding indictment may charge the defendant with a violation of Title 21 U.S.C. Section 860 because of the proximity of the school. Enhanced penalties may result from a conviction for a violation of Title 21 U.S.C. Section 860.[2]

    3. The Government here states that Counts One, Two, Three and Four are based on an undercover ATF investigation which used a confidential human source of information to make a controlled purchase of crack cocaine from the defendant. The confidential human source of

---

[1] The Section 841(b)(1)(B) 5 years to 40 years period of imprisonment penalty would become 10 years to Life imprisonment under a Section 851 enhancement.

[2] A defendant with two prior drug felony convictions would be subject to a statutory mandatory Life sentence upon conviction for a violation of Title 21 U.S.C. Section 860, dealing narcotics within 1000 feet of a school. *See U.S. v. Jenkins*, 4 F.3d 1338, 1342-43 (6th Cir.1993), ( ". . . a person who violates § 860 after having been convicted of two prior drug felonies, under certain federal laws or the state laws identified above, [is] subject to the penalty provisions of § 841(b)(1)(A). Nothing in the language of § 860(b) or § 841(b)(1)(A) requires that the predicate offenses under the latter section be offenses under § 860(a).") *See also United States v. Blackwood,* 913 F.2d 139, 147 (4th Cir.1990).

information cooperating with the ATF was able to make a purchase of crack cocaine from the defendant because the defendant is acquainted with said confidential human source of information.

4. In short, evidence in the case against the defendant includes recordings of the defendant in relation to the charged offenses. The charges are serious, giving rise to the presumption favoring detention without bond. The penalties are substantial. The defendant has ties to associates with resources to support the defendant's flight and evasion of prosecution if he were released on bond. Further, the safety and reasonable security of witnesses in this case, including the safety of confidential human source of information type witnesses, is of concern to the Government.

5. In a case of this nature involving a civilian witness, such as a confidential human source of information known to the defendant, the Government respectfully submits that no conditions or combination of conditions of release can reasonably insure the safety of another person (the confidential informant witness) and the public (to include children who may be present in the defendant's environment during his criminal activity).

WHEREFORE, the Government respectfully asks the Court to find no conditions or combination of conditions of pretrial release can reasonably assure the appearance of the defendant as required and the safety of the community or another person, giving effect to the presumptions favoring detention in Title 18 U.S.C. § 3142 in cases of this kind. The Government respectfully asks the Court to enter an order detaining the defendant without bond pursuant to the terms of Title 18 U.S.C. § 3142.

Respectfully submitted this 23rd day of January 2012.

            JOHN F. WALSH
            United States Attorney


            BY: s/ Guy Till
            GUY TILL
            Assistant United States Attorney
            United States Attorney's Office
            1225 Seventeenth Street, Suite 700
            Denver, Colorado 80202
            Telephone: (303) 454-141
            FAX: (303) 454-0401
            E-mail: Guy.Till@usdoj.gov
            Attorney for Government

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2012, I electronically filed the foregoing **MOTION TO DETAIN GEORGE ASKEW WITHOUT BOND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

All counsel on record

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand deliver, etc.) indicated by the non-participant's name:

By: s/ Debbie Azua-Dillehay
DEBBIE AZUA-DILLEHAY
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
E-mail: Debbie.Azua-Dillehay@usdoj.gov