IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADOI
**Magistrate Judge Kathleen M. Tafoya**

Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   GEORGE H. ASKEW,

Defendant.

___

# ORDER OF DETENTION
___

THIS MATTER came before me for a detention hearing on January 31, 2012. The United States requested detention in this case. The defendant argued for release on conditions accompanying bond. The defendant called as a witness Special Agent Jason Cole and both Defendant and the United States made argument and submitted some evidence on proffer. I have considered the Pretrial Services report, evidence and testimony presented at that hearing and the arguments and statements of counsel.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by the Controlled Substances Act which carries with it a penalty of ten years or more, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  Title 18 U.S.C. § 3142(e).  The defendant has been charged under Title 21 U.S.C. §§ 841(a)(1) distribution and possession with intent to distribute crack cocaine and 21 U.S.C. §856(a)(1).  The controlled substance offense in Count One carries a possible penalty of up to life imprisonment.  Given the criminal history of this defendant, if appropriate enhancements are filed and granted, the defendant could face a sentence of mandatory life imprisonment if convicted.  Additionally, the defendant was alleged to be in possession of a firearm during a drug trafficking crime which could add five or more years to any sentence of conviction on the controlled substance offense.  The indictment in this case establishes that this is a case which fits the criteria sufficient to trigger the presumption favoring detention..

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

      (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

      (2)   the weight of the evidence against the person;

    (3) the history and characteristics of the person including–

      (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

  Weighing the factors set out in the Bail Reform Act, I find the rebuttable presumption of the Act has been triggered. I find that the defendant has rebutted the presumption created by 18 U.S.C. § 3142(e) in that he is a life long residence of the Denver, Colorado area. This evidence is weak, however, when viewed in light of the defendant's alleged behavior given that the evidence established that his mother helped him to distribute the controlled substances at issue in this case.

  Further, the evidence establishes that the defendant has four prior felony convictions for Possession/Distribution of a Controlled Substance (3) and Driving After Revocation Prohibited. He also has misdemeanor convictions for Battery, Theft and numerous traffic offenses. The defendant violated his probation and parole in Jefferson County District Court Case No. 98CR1551, and his parole in Jefferson County District Court Case No. 99CR1339. The defendant failed to appear in previous court matters on thirteen occasions. Additionally, he has been unemployed for approximately three years, last reporting employment in 2005 and has been

smoking marijuana daily since 2006.  The defendant last used marijuana on the day he was arrested.

I find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community if released on conditions of bond.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated this 31st day of January, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge