IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   12-cr-00010-MSK-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     **GEORGE H. ASKEW,**
2.     ROMMELL E. BULLOCK,
3.     GREGORY A. COLLINS,
4.     GEORGE A. GADDY,
5.     DELBERT J. GARDNER,
6.     RICHARD W. JOHNSON,
7.     SHEPS H. KHAMSAHU,
8.     ERIC LUGO,
9.     LAWRENCE T. MARTIN,
10.   JOHNIE A. MYERS,
11.   DARRELL R. PARKER,
12.   CALVIN R. RILEY,
13.   COREY L. RILEY,
14.   THOMAS A. SCHRAH, JR.,
15.   JAMES R. SWITZER,
16.   CLIFFORD M. WRIGHT,

       Defendants.

_____

**DEFENDANT ASKEW'S UNOPPOSED MOTION TO EXCLUDE
FOUR MONTHS FROM THE SPEEDY TRIAL ACT, VACATE
DEADLINES AND VACATE TRIAL DATE**
_____

George H. Askew, by and through undersigned counsel, respectfully moves this Court for an Order excluding four months from the speedy trial time limitations and vacating current deadlines and the trial date. In support of this motion, Mr. Askew states that:

## I.     Procedural Background

1.     On January 9, 2012, the government obtained a 32-count Indictment charging Mr. Askew in five counts with possession with intent to distribute more than 28 grams of crack cocaine, prohibited person in possession of a firearm, using a residence for the purpose of distributing a controlled substance, possession of a firearm in furtherance of drug trafficking felony, using and maintaining drug-involved premises, and aiding and abetting.

2.     On February 6, 2012, the Government obtained a superseding indictment (First Superseding Indictment) charging Mr. Askew in six counts which include the previously charged five counts and a new charge of distribution of controlled substance near a school.

3.     On January 31, 2012, Mr. Askew was arraigned and entered a plea of not guilty.

4.     The seventy-day Speedy Trial Act deadline is April 2, 2012.

5.     On January 26, 2012, this Court entered an Order requiring the parties to file pretrial motions by February 16, 2012.  This Court also set a jury trial beginning March 19, 2012.

## II.    Standard for Continuances

6.     18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(ii) provides that a factor for the Court to consider in granting this

delay is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

7.  In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.*  No single factor is determinative. *See id.*

### III. Argument

8.  This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Askew requests that this Court continue the trial, vacate current deadlines, and exclude four months from the speedy trial calculations.

#### A.  This case satisfies the requirements of 18 U.S.C. § 3161(h)(7).

9.  This case satisfies the requirements of 18 U.S.C. § 3161(h)(7).  Counsel has not yet received full discovery.  He has received some initial discovery and is unable to

disseminate it to his client given the pendency of a protective order. He anticipates that once discovery is available and the protective order in place, that his client, who is incarcerated in Jefferson County will have only limited access to discovery. That situation, which differs from the norm, will slow the process of reviewing and discussing the discovery and the case with the client. Further, given the number of defendants charged with Mr. Askew and the length of the government's investigation which goes back several years and spans several years, discovery and related documents reportedly are voluminous, numbering several thousand pages. The case involves surveillance and confidential informants. There are narrative report, search warrants, and recordings. This multiplicity of documents complicates the factual issues of the case.

10. The events which form the basis of this case involve numerous individuals and a motorcycle club which the government has been investigating for many years. The government has had a long time to investigate the case. Counsel was only appointed recently.

11. In addition to potentially complicated factual issues, counsel expects that this case will present complicated substantive legal issues and sentencing issues.

12. Mr. Askew faces significant prison time if convicted. The government itself has conceded as much in its motion to detain him, arguing that if it files various enhancers or a superceding indictment, Mr. Askew potentially faces a life sentence.

13. Because of the varied complex factual and legal issues involved, and because of the many documents that must be reviewed, counsel cannot prepare an adequate defense

4

within the currently established time limits. He cannot even file motions by February 16, 2012. Without a continuance, counsel certainly will not be able to review the discovery, discuss its contents with Mr. Askew, research pretrial legal issues, and file any necessary pretrial motions.

14. Accordingly, failure to vacate deadlines and continue the trial date would force Mr. Askew to go to trial before an adequate defense could be prepared. As a result, failure to grant a continuance would result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and deny counsel for Mr. Askew the reasonable time necessary for the effective preparation of this case taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv).

15. In contrast to the harm caused by maintaining the current time limits, granting a continuance will not harm the interests of the public and the defendant in a speedy trial. Given the amount of time that the government has had to investigate the case, it is doubtful that granting the continuance will cause any harm to anybody's interest in a speedy trial. Guy Till, the Assistant United States Attorney prosecuting Mr. Askew, does not oppose a finding that the ends of justice warrant continuing this case outside of the usual statutory Speedy Trial limits. Consequently, the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial, and the Court should grant the requested continuance.

### B.     The *West* factors support a continuance of the trial date.

16.     The *West* factors likewise support a continuance of the trial date. First, counsel has been diligent in pursuing Mr. Askew's defense. Even at this early stage, counsel has begun to discuss the case with Mr. Askew and the government, reviewed the Indictment, and started his own preliminary analysis of the allegations set forth in the Indictment.

17.     Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance. Mr. Askew requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations. Thus, by granting the continuance, this Court will satisfy the second *West* factor.

18.     Third, granting this motion would not inconvenience the opposing party, the witnesses, or the Court. As set forth above, the government does not oppose this motion. Moreover, because the trial date has only recently been set, last minute scheduling changes need not be made.

19.     Finally, the need for the continuance is great. Until all of the discovery has been reviewed, and the necessary investigation has been completed, counsel cannot effectively prepare pretrial motions and defend against the pending charges. As set forth above, given the factual and legal issues involved in the case, the fact that discovery is voluminous, and the other facts discussed in this motion, Mr. Askew needs additional time to defend against the pending charges.

20. In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." (internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992)).

21. Under the factors set forth in *West*, *supra*, as well as the teachings of *Williams, supra*, *United States v. Toombs*, 475 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 356 F.3d Appx. 102 (10th Cir. Dec. 7, 2009), even exercising due diligence, undersigned counsel could not be prepared for trial within the time limits of the Speedy Trial Act.

WHEREFORE, the defense respectfully requests that this Court issue an Order excluding four months from the speedy trial time limitations and vacating current deadlines and the trial date.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

7

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2012, I electronically filed the foregoing **DEFENDANT ASKEW'S UNOPPOSED MOTION TO EXCLUDE FOUR MONTHS FROM THE SPEEDY TRIAL ACT, VACATE DEADLINES AND VACATE TRIAL DATE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Guy Till, Assistant United States Attorney
    guy.till@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. George H. Askew   *(via U.S. mail)*
Jefferson County Jail
P.O. Box 16700
Golden, CO    80402-6700

                                                        s/ Edward R. Harris
                                                        Edward R. Harris
                                                        Assistant Federal Public Defender
                                                        633 17th Street, Suite 1000
                                                        Denver, CO  80202
                                                        Telephone:  (303) 294-7002
                                                        FAX:  (303) 294-1192
                                                        Edward_Harris@fd.org
                                                        Attorney for Defendant