IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEORGE H. ASKEW,

    Defendant.

---

## PLEA AGREEMENT

---

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, GEORGE H. ASKEW, hereinafter referred to as the defendant, personally, and by his counsel of record, EDWARD R. HARRIS, Esq., submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1. It is the intention of the parties to resolve all pending criminal issues [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement). The

Court's Exhibit 1

offer represented by this plea agreement is withdrawn unless: (1) the defendant files a Notice of Disposition no later than March 4, 2012; and (2) withdraws or requests the court to suspend and hold in abeyance any pending pretrial motions until the Court either accepts or rejects the contemplated plea of guilty. This plea agreement and related communications are under color of FRE 410.

## I. AGREEMENT

A. The defendant agrees to plead guilty to Count One and Count Two of the Indictment (DOC 1) returned against him in this matter.

B. In exchange for his pleas of guilty to Count One and Count Two, the Government agrees to file a motion to dismiss the remaining counts of the Indictment and any superseding indictment in this case as to the defendant, to be effective after the Court accepts the defendant's pleas of guilty.

C. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553. By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range. The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

D. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 27 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

E. In consideration of the defendant's pleas of guilty and the imposition of sentence on said Count One and Count Two, the Government agrees to recommend an adjustment for acceptance of responsibility and agrees that the Government will argue for a sentence within the Guidelines at the time of sentencing. If the defendant meets the above stated deadline for entry of his notice of disposition and effectively withdraws and withholds any

pretrial motions, assuming the Court accepts the defendant's pleas of guilty to Count One and Count Two, the Government further agrees not to file an enhancement pursuant to Title 21 U.S.C. Section 851 as to this defendant in this case and to recommend a sentence including **120** months of imprisonment. The parties understand the Court is not bound by positions of the parties. The parties understand the Court will impose a sentence in accordance with the provisions of Title 18 U.S.C. Section 3553.

## II.  ELEMENTS OF THE OFFENSES

The parties agree that the elements of the offenses to which pleas are being tendered are as follows:

A.   With respect to Count one of the Indictment, the defendant admits the following elements of the crime charged: (1) On or about March 17, 2009; (2) within the State and District of Colorado; (3) the defendant; (4) knowingly possessed 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (also known as "crack cocaine"); (5) with intent to distribute said cocaine base mixture and substance; (6) said cocaine base is a Schedule II Controlled Substance.

B.   With respect to Count Two of the Indictment, the defendant admits the following elements of the crime charged: (1) On or about March 17, 2009; (2) within the State and District of Colorado; (3) the defendant; (4) knowingly possessed a firearm; (5) to wit: a pistol; (6) said pistol having been transported in and affecting interstate commerce, and (7) the defendant had been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

## III. STATUTORY PENALTIES

A. The statutory minimum mandatory penalty for Count One is not less than 5 years of imprisonment; the maximum statutory penalty for the offense charged in Count One is not more than 40 years imprisonment; there may also be a fine of up to $2,000,000.00, or both a fine and a period of imprisonment; there is a mandatory term of supervised release of not less than 4 years following any period of imprisonment; and a $100.00 special assessment.

B. The maximum statutory penalty for the offense charged in Count Two is not more than 10 years imprisonment; a fine of up to $250,000.00, or both; a term of supervised release of not more than 3 years following any period of imprisonment; and a $100 special assessment fee.

C. Under Title 18 U.S.C. § 3584, as to a person convicted of more than one offense, the Court may impose concurrent or consecutive sentences. If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to qualify for certain licenses or professions, the right to own, use, or carry a firearm, the right to hold elected office, the right to serve on a jury, the right to serve on a grand jury, and the right to vote during a period of confinement or supervised release.

## V. STIPULATION OF RELEVANT FACTS

A. The parties stipulate and agree the Government's evidence at trial would establish the following as to Count One:

5

  (1) On or about March 17, 2009, at 3701 E. 29th Ave, Denver, CO,

  (2) Within the State and District of Colorado,

  (3) The defendant, GEORGE H. ASKEW,

  (4) Knowingly possessed a quantity (28.167 grams) of a mixture and substance containing a detectable amount of cocaine base (also known as "crack cocaine"),

  (5) With intent to distribute said "crack cocaine,"

  (6) And defendant did sell 28.167 grams of said "crack cocaine" for $850.00 in a law enforcement controlled transaction with a Confidential Human Source of Information (CHA) working with federal agents who monitored the transaction in real time,

  (7) Said transaction was audio and video recorded electronically,

  (8) The suspected crack cocaine was submitted to a forensic laboratory for evaluation,

  (9) The forensic laboratory evaluation was positive for cocaine base and the net weight of the cocaine base mixture and substance was 28.167 grams,

  (10) Cocaine base is a Schedule II Controlled Substance, and

  (11) The said transaction took place within 1000 feet of a Denver Public Schools elementary school building.

 B. The parties stipulate and agree the Government's evidence at trial would establish the following as to Count Two:

  (1) Having been convicted previously in 2007 of Possession of a

Controlled Substance, a Colorado state felony punishable by imprisonment for more than one year, in Denver District Court Case No. 2006CR003872,

  (2) On or about March 17, 2009, at 3701 E. 29th Ave, Denver, CO,

  (3) Within the State and District of Colorado,

  (4) The defendant, GEORGE H. ASKEW,

  (5) Knowingly possessed a Taurus 9mm pistol,

  (6) Which had moved in and affecting interstate commerce,

  (7) Having been convicted previously of a state felony punishable by imprisonment for a term exceeding one year,

  (8) All in violation of Title 18 U.S.C. Section 922(g),

  (9) The defendant possessed the said pistol while meeting with the ATF Confidential Human Source of Information and waiting on a delivery to complete the sale of crack cocaine charged in Count One.

  C. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

## VI.  ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A.  The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. The parties stipulate the defendant's Guidelines calculations will use the 2009 and 2011 advisory <u>Federal Sentencing Guidelines and Policy Statements</u>, promulgated pursuant to Title 28, United States Code, Section 994(1).  The parties understand the Guidelines are advisory in nature.  The defendant is also aware that a federal sentence does not provide for parole.  Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense.  The defendant understands and agrees he may not withdraw his plea solely as a result of the sentence imposed.

B.  The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court.

C.  The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under §

8

6B1.4 of the Guidelines:

    (1)    The government asserts the base offense level for Count One is **26** under §2D1.1(c)(7) of the Sentencing Guidelines (more than 28 but less than 112 grams of crack cocaine). The government asserts the offense level for Count Two is **20** under Section 2K2.1(a)(4)(A)(defendant had one previous countable controlled substance offense).

    (2)    Under 2D1.1(b)(1) there is an increase of 2 levels as to Count One because a dangerous weapon was possessed. Under 2D1.2(a)(1) there is a 2 level increase because the offense took place within 1000 feet of a Denver Public Schools elementary school. The adjusted offense level for Count One is **30**. Under 2K2.1(b)(6)(B), the Government asserts there is a 4 level increase because the pistol was possessed in relation to the offense described in Count One. The adjusted base offense level for Count Two will be **24**.

    (3)    The parties stipulate there are no victim-related or obstruction adjustments. The government opposes any adjustment for role in the offense.   There are no role in the offense adjustments.

    (4)    Under the rules for grouping multiple counts of conviction,  Sections 3D1.2, 3D1.3, and 3D1.4, the offense level for Count One is controlling and the Government submits the applicable offense level is **30**.

    (5)    Provided the defendant files his notice of disposition by the

deadline indicated above and withdraws or withholds his pretrial motions, the Government joins in the defendant's request that he receive the full two level (or three levels if the base offense level is above 16) acceptance of responsibility decrease under §3E1.1(a) and (b). If granted, according to the Government's calculations, the adjusted offense level would be **27.**

(6) The defendant has a 2007 felony conviction for PCS, Denver County case No. 2006CR003872 – he originally received a sentence to community corrections and a suspended sentence to DOC, but was ineligible for community corrections, so he was resentenced to two years of probation which appears to have ended in April, 2009 (the offense conduct Count One and Count Two took place in March 2009). The defendant has a 2000 felony conviction for attempted PCS, Jefferson County case No. 1999CR1339 – he received 4 years to DOC. The defendant has a 2000 felony conviction for Driving After Revocation, Jefferson County case No. 1999CR1324 - he received 2 years DOC (it was recommended that the sentence run concurrent with sentences in 98CR1551 and 99CR1339). The defendant has a 1998 felony conviction for PCS-Distribution in Jefferson County case No. 1998CR1551 - he received 4 years probation on 10/22/1998 which was revoked – the defendant was sentenced to 4 years DOC to be followed by w period of parole on 04/03/2000. In the last few years,

        the defendant has been convicted of several minor traffic types of violations. Government estimates the defendant qualifies for Twelve criminal history points, making the defendant a Criminal History Category V. The defendant does not agree with the Government's estimate, asserts his Criminal History Category should be lower, and further reserves the right to request a departure or a variance as to the defendant's Criminal History Category. The parties understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

(7) The defendant is not eligible for "safety valve" consideration because a firearm is involved in the offense conduct and he has more than one Criminal History Point. Section 5C1.2.

## ADVISORY GUIDELINES PREDICTION

(D)     The Guidelines' sentencing range for Count One and Count Two, resulting from an adjusted offense level of **27**, Criminal History Category V, is a term of imprisonment of 120-150 months.   The maximum guideline range for Level 27, Criminal History Category VI is a term of imprisonment of 130-162 months. The parties understand the Sentencing Guidelines are merely advisory to the Court and understand the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553.  The Court may impose a sentence up to the statutory maximum provided by law.  There is a statutory minimum mandatory sentence of 5 years imprisonment on Count One.

(E)     Pursuant to §5E1.2, the range of a fine for offense level 27 for the offenses of conviction is $12,500.00 to $2,000,000.00.

(F)     In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not less than 4 years and a mandatory special assessment of $100.00 per count of conviction, for a total of $200.00.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by

the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. §3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 6/6/12         By: _____
                          EDWARD R. HARRIS, ESQ.
                          ATTORNEY FOR DEFENDANT ASKEW


Date: 6-6-12         By: _____
                          GEORGE H. ASKEW
                          DEFENDANT


Date: 6-11-12        By: _____
                          GUY TILL
                          ASSISTANT U.S. ATTORNEY


N:\GTill\HLMC_Askew_PLEA_AGREEMENT_1_May.wpd

14