FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2013

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | |
|---|---|
| GEORGE HARRISON ASKEW ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO: 1:12-cr-00010-MSK |
| ) | JUDGE MARCIA S. KRIEGER |
| UNITED STATES OF AMERICA ) | |
| Respondent, ) | |
| ) | |
| ) | |

**MOTION TO THE DISTRICT COURT FOR A REVIEW OF SENTENCE
COMPUTATION AS TO A DOWNWARD DEPARTURE OR VARIANCE
OF SENTENCE ISSUED BY DISTRICT COURT AT SENTENCING**

COMES NOW, George Askew, hereinafter to be known as "petitioner," filing as a pro-se petitioner, to this Honorable Court, seeking the district court's review of his sentencing computation, used at the time the district court sentenced him, hoping to gain either a "downward departure," or a variance of his sentence, due to over-representation of his criminal past history points used by the United States Probation Department at the time of sentencing.

Petitioner is a laymen of the law, and would ask this court to interpret his motion as pertains to **Haines v. Kerner**, 404 U.S. 519 (1972)., and to view his motion in its most favorable light, and asks this court to construe this action liberally as to legal format and structure.

## FACTS OF THE CASE

Petitioner was sentenced in this district court on September 11, 2012, by the Honorable Judge Marcia S. Krieger. Petitioner in this matter was given the mid sentencing point on the sentencing table, at 150 months, and was at a total of **14 Criminal History Points**. According to the sentencing Table, Chapter 5, Part A. 14 criminal history points establish a criminal history category of VI.

At the time of this offense, petitioner was under a criminal justice sentence in Denver County District Court, Colorado. Case #06CR3872. Due to this case at the time of the instant offense, petitioner was given **2 points** added to his criminal history points. Bringing it to a total of **14 points**.

## ARGUMENT IN SUPPORT

At the time of the sentence in the district court, by Judge Marcia S. Krieger, with a total of 14 criminal history points, and a total base offense level that began in the range of thirty (30) points, with a (3) point reduction for his Acceptance of Responsibility. This would then have brought him to a total of **27 points**, for a total offense level.

Petitioner states that the attorney in his matter, was ineffective in his duty under the Sixth Amendment to his right to adequate counsel, in that during the time that he was to review his P.S.I. he did not object in the Addendum to the court, before sentencing, that there was three (3) cases in his criminal past history, that were dealt with and sentenced before the state courts, that should not have counted seperately in the

-2-

pointing by the United States Probation Department. Therefore making his criminal history points over-represented, and bringing his criminal past history into a higher level, adding more time to the sentence imposed by the district court at sentencing. See **United States v. Smith**, 930 F.2d 1450. 1454 (10th Cir.1991)("the court may depart downward from the guidelines on the basis of any factor not adequately considered by the guidelines."

At the time that petitioner was sentenced in the district court, he had a past criminal history, with three cases that were dealt with, and for the convienance of that court, combined all three cases and discharged all three together at that time. Being as these cases were combined for the convienace of the court, and all three were dealt with and discharged by that court, on the same day and the same time, and were to run together concurrently. Then petitioner in this motion, would ask the court to go into the record, and to impartially look at and review his argument, that if the court were to grant him his request and after review, were to agree with his argument, that these cases were in fact part of one sentence by the state court. Then it would move petitioner into a lower sentencing category or structure, allowing him a minor relief as to the amount of months he would be sentenced to. See **United States v. Wilken**, 498 F.3d 1160, 1165 (10th Cir.2007), also; **United States v. Friedman**, 554 F.3d 1301, 1309 (10th Cir.2009)("Previous convictions that were not violent, or were related to "hard narcotics" such as crack or methamphetamine,)

Petitioner would ask this court to go back into the record, and to look favorably on his combined cases, and if possible accept his argument that since these cases were in fact combined by the state court, and dealt with in such a matter that they were resolved in the same court, on the

-3-

same day, by the same judge, that this court would favorably grant his argument, that even if the district court were to only grant his request on just one of the cases that were seperated, and counted for three (3) points on each seperate one. Then he would still gain some minor relief in the sentencing table that was used in his original sentencing. These are case numbers as follows:

Sentencing Transcript page -9-     CASE #98CR1551

| | | |
|---|---|---|
| 04/10/98 Dist. of Sched.III Cont. Substance (Felony) | 10/22/98 4 years prob. 90 days work release. 100 hrs. Commun. Serv. $450. fine and court cst. | 4A1.1(a) 4A1.2(k)(2) |

**08/17/06: Sentence discharge.**

Sentencing Transcript page -11- CASE #99CR1339

| | | |
|---|---|---|
| 04/29/99 Attempted Conspiracy to possess sched.II Cont, Sbst. (Felony) | 04/03/00 4 years prison, **concurrent with case #98CR1551** and 99CR1324 $305. fine and court costs. | 4A1.1(a) |

**08/17/06: Sentence discharge.**

Sentencing Transcript page -11- CASE #99CR1324

| | | |
|---|---|---|
| 05/17/99 Driving after revocation prohibited (Felony) | 04/03/00 2 years prison, **concurrent with case #98CR1551** and 99CR1339, $305. court costs. | 4A1.1(a) |

**08/17/06: Sentence discharge.**

As the court can and will plainly see by the attachment of the P.S.R. copy submitted with this motion, listed as (**Exhibit - A**). That when the state court resolved these cases. The state court did so for the convienance of the court, on the same day, at the same time, and discharged all three (3) cases and ran them together. Then petitioner would make his

argument to this honorable court. That his points in this matter before this court, were in fact over-represented. That by that over-representation of those points, given that the cases in question and at bar before this court, would in fact bring his history and criminal point level into a lower category, and give him some minor relief in this case as to the amount of time he was sentenced to. This court has the authority to grant relief however it deems fit.

## RELIEF REQUESTED

Petitioner would ask this court, to review and rule favorably as to patitioner's request for a "downward departure," or a lower "variance," as to his sentence, and to grant him any other relief this court would deem appropriate in this matter. Petitioner asks this court to give him the lower points he asks for, and to resentence him accordingly.

Respectfully submitted,

George Harrison Askew
Register #38215-013
Federal Correctional Complex
Victorville II
P.O. Box 3850
Adelanto, CA   92301

This __24th__ day of __May_____, 2013.

## CERTIFICATE OF SERVICE

I, George Harrison Askew, do hereby verify and certify, that a true and correct copy of the foregoing, under penalty of perjury, and using **Huston v. Lack**, provided a copy to the follwing concerned parties:

This 24th day of MAY, 2013.

United States Courthouse
United States District Court
Office of the Clerk              Judge Marcia S. Krieger
901 19th Street, Room A105
Denver, Colorado
        80294-3598

United States Assistant Attorney
Mr Guy Till
1225 Seventeenth Street, Suite 700
Denver, Clorado
        80202

Respectfully submitted,

George Harrison Askew

## (EXHIBIT - A)

| | | | | |
|---|---|---|---|---|
| 42. | 04/10/98 (Age 25) | Distribution of Schedule III Controlled Substance **(felony)**, Jefferson County District Court, Golden, Colorado Case No. 98CR1551 | 10/22/98: 4 years probation, 90 days work release, 100 hours community service, $450 fine and court costs<br><br>04/03/00: Probation revoked, 4 years prison<br><br>06/25/03: Paroled<br><br>09/16/05: Parole revoked, returned to prison<br><br>03/16/06: Paroled<br><br>08/17/06: Sentence discharge | §4A1.1(a) §4A1.2(k)(1) | 3 |

43.  According to the Affidavit in Support of Warrantless Arrest, members of the West Metro Task Force executed a search warrant on a residence where the defendant lived. He was found to have a bag of crack cocaine and $160 in his pants pocket. A .380 caliber semi-automatic pistol was found between the mattress and box spring of his bed.

44.  The defendant was represented by counsel. Counts of Possession/Sale of Schedule I or II Controlled Substance, Controlled Substance: Use of Deadly Weapon, Manufacture or Sale of Controlled Substance–Possession of Schedule II Controlled Substance, Possession of 1 Ounce or Less of Marijuana, and Controlled Substance: Paraphernalia Possession were dismissed.

45.  The defendant's probation was revoked due to multiple missed appointments with the probation officer, multiple positive urinalyses for either cocaine or marijuana, missed urinalyses, failure to appear for intensive outpatient and aftercare drug treatment, failure to appear for domestic violence classes, and failure to make any payments toward his outstanding court costs.

46.  According to Colorado Department of Corrections automated records, the defendant's disciplinary records consist of the following: Unauthorized Possession–two occurrences; Violating Posted Operational–three occurrences; Unauthorized Absence–two occurrences; and Verbal Abuse. Dates of offenses and sanctions ordered were not listed.

(EXHIBIT - A)

| | | | | | |
|---|---|---|---|---|---|
| 55. | 01/08/99 (Age 25) | Driving Under Financial Suspension, Denver County Court, Colorado, Case No. 99M392 | 02/17/99: 20 days jail, $30 court costs | §4A1.2(c)(1) | 0 |
| 56. | | The defendant waived attorney representation. Counts of Driving Without Valid License and Driving Without Proof of Insurance were dismissed. | | | |
| 57. | 04/29/99 (Age 26) | Attempted Conspiracy to Possess Schedule II Controlled Substance **(felony)**, Jefferson County District Court, Golden, Colorado, Case No. 99CR1339 | 04/03/00: 4 years prison, concurrent with Case Nos. 98CR1551 and 99CR1324, $305 fine and court costs<br><br>08/17/06: Sentence discharge | §4A1.1(a) | 3 |
| 58. | | According to court records, the defendant knowingly possessed cocaine. The defendant was represented by counsel. One count of Possession of Schedule II Controlled Substance was dismissed. A warrant was issued December 13, 1999, and cancelled upon the defendant's arrest. | | | |
| 59. | 05/17/99 (Age 26) | Driving After Revocation Prohibited **(felony)**, Jefferson County District Court, Golden, Colorado, Case No. 99CR1324 | 04/03/00: 2 years prison, concurrent with Case Nos. 98CR1551 and 99CR1339, $305 court costs<br><br>08/17/06: Sentence discharge | §4A1.1(a) | 3 |
| 60. | | According to court records, the defendant was stopped by police officers for driving without his headlights on, at which time it was determined that he had previously been deemed a habitual traffic offender. The defendant was represented by counsel. One count of Failure to Display Headlights was dismissed. | | | |
| 61. | 06/28/00 (Age 27) | Trespass, Denver General Sessions Court, Colorado, Case No. 00GS199115 | 11/18/00: 1 day jail | §4A1.2(c)(1) | 0 |