**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01448-MSK
Criminal Action No. 12-cr-00010-MSK-1

**UNITED STATES OF AMERICA**,

Plaintiff-Respondent,

v.

**1.   GEORGE HARRISION ASKEW**,

Defendant-Movant.

_____

**RESPONSE TO MOTION TO VACATE**
_____

Pursuant to this Court's Order filed on July 19, 2013 [Doc. 917], and in

accordance with the Rules Governing Section 2255 Proceedings, the government,

through undersigned counsel, hereby responds to Defendant-Movant George

Harrison Askew's "Motion to the District Court for a Review of Sentence

Computation as to a Downward Departure or Variance" [Doc. 881], which the Court

has construed as a Motion To Vacate Pursuant to 28 U.S.C. 2255.   [*See* Doc. 884].

## STATED GROUNDS FOR RELIEF

Askew alleges, without further elaboration, that his counsel was ineffective:

… in that during the time he was to review his P.S.I. he did not object in the Addendum to the court, before sentencing, that there was three (3) cases in his criminal past history, that were dealt with and sentenced before the courts, that should not have counted separately in the pointing by the United States Probation Department.

[Doc. 881 at 2-3].   The result, he argues, is that his criminal history was over-represented, resulting in a longer sentence.   [*Id*. at 3].   Askew seeks to have his sentence vacated, and to be resentenced under a lower Guidelines range, by virtue of a lower re-calculated Offense Level.   [*Id*. at 5].

## RULE 5 STATEMENT

Pursuant to Rule 5(a) of the Rules Governing § 2255 Proceedings, the government informs the Court that (1) it is aware of no other post-conviction motion filed by the Defendant; (2) no evidentiary hearing has been held on the allegations made in the Motion to Vacate; and (3) the Motion to Vacate was timely.

A motion to vacate must ordinarily be filed within one year of "the date on which the judgment of conviction becomes final ...."   28 U.S.C. § 2255.   The Judgment was entered on September 21, 2012.   [Doc. 625].   Askew did not file a direct appeal.   *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final

upon the expiration of the time in which to take a direct criminal appeal"); *cf*. Fed. R. App. P. 4(b)(1)(A) (requiring notice of appeal to be filed within 14 days of entry of judgment).   Askew's criminal conviction thus became final on October 5, 2012. The Motion was filed on May 28, 2013, and was therefore timely.

## FACTUAL BACKGROUND AND PROCEEDINGS

### A.   Offense Conduct.

The facts relating to Askew's offense conduct were described in the Plea Agreement and Statement of Facts Relevant to Sentencing as follows:

With respect to Count One –

- On or about March 17, 2009, at 3701 E. 29th Ave, Denver, CO, he knowingly possessed a quantity (28.167 grams) of a mixture and substance containing cocaine base (also known as "crack cocaine"), a Schedule II Controlled Substance, with intent to distribute it.

- He sold 28.167 grams of crack cocaine for $850.00 to a Confidential Human Source of Information (CHSI) working with federal agents who monitored and recorded the transaction.

- The said transaction took place within 1000 feet of a Denver Public Schools elementary school building.

With respect to Count Two –

- Askew was convicted previously in 2007 of Possession of a Controlled Substance, a Colorado state felony punishable by imprisonment for more than one year.

- On or about March 17, 2009, at 3701 E. 29th Ave, Denver, CO, he knowingly possessed a Taurus 9mm pistol, which had moved in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g).

- The defendant possessed the pistol while meeting with an ATF CHSI and waiting for a delivery to complete the sale of crack cocaine charged in Count One.

[Doc. 480 at 5-7].

### B.    Criminal Proceedings.

On January 9, 2012, Askew was indicted on five counts relating to narcotics and firearms.   [Doc.1].   A Superseding Indictment of February 6, 2012 alleged six narcotics and firearms offenses.   [Doc. 180].   On June 11, 2012, Askew and the government entered into a Plea Agreement, in which the government agreed to dismiss four charges in return for Askew's plea of guilty to Counts One and Two. [Doc. 40 at 2].   The government also agreed to recommend an adjustment for acceptance of responsibility and a within-Guidelines sentence.   [*Id.* at 3].

The final PSI grouped the two offenses, and noted that for possession with intent to distribute more than 28 grams of crack cocaine the base offense level was 26 pursuant U.S.S.G. § 2D1.1(c)(7).   [Doc. 620 at 5].   Possession of a firearm and commission of the crimes within 1,000 feet of a school each added 2 levels.   [*Id.*] Subtracting 3 levels for acceptance of responsibility yielded a Total Offense Level of 27.   [*Id.* at 6].   The Motion does not dispute this calculation.

4

With respect to the Criminal History calculation, the probation department noted that Askew had committed 20 offenses from 1994 through 2006, but assessed points only for five of them, four of which were felonies.   [*Id*. at 7-12].   Those offenses yielded 12 points, to which 2 more points were added pursuant to U.S.S.G. § 4A1.1(d), because Askew was under a state sentence at the time he committed the instant offenses.   [*Id*. at 12-13].

The probation department recommended a sentence of 130 months' imprisonment plus 4 years supervised release on Count One, and 120 months' imprisonment plus 3 years supervised release on Count Two, to be served concurrently.   [PSI, Doc. 620-1 at R-1].   The probation department found no factors which might warrant a downward departure [PSI, Doc. 620 at 20], and with respect to a variant sentence, explained that the recommended sentence would promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.   [*Id*. at 21.]   Askew did not file any objections to the PSI.

Askew, through his attorney, advocated a below-Guidelines sentence of 60 months, on account of the almost three years which had elapsed between his last prior offense and the instant offenses.   Defendant's Sentencing Statement and Request for Statutory Sentence of 60 Months [Doc. 609 at 1, 2].   Askew did not file a separate written motion for either a downward departure or a variant sentence.

Askew argued for a downward variance to 60 months at the Sentencing

Hearing.   Sentencing Hearing (Sept. 18, 2012), tr. at 5 (attached as *Attachment A*).

With respect to Askew's criminal history, the court found that the PSI actually

<u>understated</u> its seriousness:

> The total number of criminal history points here is 14; and that puts Mr. Askew in the highest criminal history category in the federal system, Category VI.
>
> Now, that doesn't really summarize adequately, in my view, the nature of the criminal history, because there are multiple convictions for which no points have been assigned, one occurring in 1994, '95, '96 -- actually, three in '96, '97, two, three, in '97, '98, the first time any points are assigned is for a 1998 conviction of distribution of a Schedule III controlled substance.   A conviction in 1998, which was a driving conviction for which no points are assigned and a domestic violence criminal mischief conviction for which no points are assigned. There is a theft conviction in 1998 for which 2 points are assigned, but an operation of a motor vehicle under restraint for which no points are assigned, driving under financial suspension for which no points are assigned.
>
> Then in 1999 there is another conviction regarding controlled substances.   Here, it's a 3-point conviction for attempted conspiracy to possess a Schedule II controlled substance.   And in 1999, another felony conviction with 3 points for driving after revocation.
>
> But then in 2000, a conviction for trespass for which no points are assigned and false information for which no points are assigned.
>
> In 2006, again, there is a conviction for possession of a controlled substance for which 1 point is assigned.   And at the time of the instant offense, the defendant was under a criminal justice sentence in the 2006 cases, and that results in an additional 2 points.

*Id.* at 15-16.

In addition, the Court declined to grant a downward variance because this same history demonstrated that Askew had a propensity to return to criminal activity even following a substantial period of lawful behavior:

> From reviewing that criminal record, I note one fact that no one has addressed, and that is that there have been gaps in the criminal record of some significant time periods before this where Mr. Askew was not involved in criminal behavior.   And the greatest of these is between the year 2000 and 2006, a six-year period in which there were no convictions.
>
> Now, that's twice as long as the three-year period that has passed since the behavior in 2009.   But the six-year period was followed by a conviction for being in possession of a controlled substance and then these charges for behavior in 2009, several things that are important to note in evaluating the request for a variant sentence and for determining what sentence is appropriate under the statute, 18 U.S.C. Section 3553.
>
> *   *   *
>
> Because Mr. Askew has had an abatement of illegal behavior for a period of six years before and then returned to illegal behavior, the fact that he has been sober and responsible and engaged in lawful behavior for a period of three years I do not find to be persuasive as to the likelihood of him continuing in a law-abiding life-style.   I see no reason to reduce a sentence because of that three-year period.   To me, it reflects the consistency of the criminal record I see thus far.   And as a consequence, I do not intend to impose a variant sentence in this case.

*Id.* at 18-19.

Consequently, the Court imposed a sentence in accordance with the probation department's recommendation [*id.* at 20], and Judgment was entered on September

21, 2012.   [Doc. 645].   Askew did not take a direct appeal.

## ARGUMENT

### ASKEW RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL

**A.    Legal Standard.**

In order to establish that he received ineffective assistance of counsel, Askew must show (1) that his attorney's performance was unreasonable under prevailing professional standards; and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

### 1.    Performance of Counsel.

Under the first prong, Askew must demonstrate that his counsel's representation "fell below an objective standard of reasonableness."   *Id*. at 687-88. In other words, he must establish that his counsel's performance was outside "the range of competence demanded of attorneys in criminal cases."   *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Conclusory allegations are not sufficient.   *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

In addition, counsel's performance is judged in light of all circumstances at the time when the conduct occurred.   *Strickland*, 466 U.S. at 690; *United States v.*

*Smith*, 10 F.3d 724, 728 (10th Cir. 1993).   To determine reasonableness, a court must make "every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."   *Strickland*, 466 U.S. at 689.   The court must also make "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Id*.   *See also United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (quoting *Strickland*).   To overcome this strong presumption, Askew must meet a "heavy burden," *Cummings v. Sirmons*, 506 F.3d 1211, 1226 (10th Cir. 2007):

> There is a strong presumption that counsel's performance falls within the wide range of professional assistance, the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.   The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.

*Williamson v. Ward*, 110 F.3d 1508, 1514 (10th Cir. 1997) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)), *overruled on other grounds by Nguyen v. Reynolds*, 131 F.3d 1340, 13-53-54 (10th Cir. 1997).

Where the decision complained of was a "strategic trial judgment" or a "conscious, tactical choice between two viable alternatives," "*Strickland* requires that judicial scrutiny be highly deferential."   *Hatch v. Oklahoma*, 58 F.3d 1447,

9

1459 (10th Cir. 1995) (quotations and citations omitted), *overruled on other grounds by Daniel v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).   In *Hatch*, the Tenth Circuit underscored that:

> [T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance.   For counsel's advice to rise to the level of constitutional ineffectiveness, the decision … must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.

*Id*. (quotations and citation omitted).

## 2.   Prejudice to Defendant.

For the prejudice prong of *Strickland*, a defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable" to him.   *United States v. Moya*, 676 F.3d 1211,1214 (10th Cir. 2012) (quoting *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1409 (2012)).   Where the basis of the ineffective assistance claim "is the failure to raise an issue, [the Court] must look to the merits of the omitted issue ....   If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."   *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (citation omitted).   Even assuming deficient performance by counsel, a defendant has the burden of demonstrating "a reasonable probability that the outcome of his sentencing would have been different."   *United States v. Abston*, 401 F. App'x 357,

366 (10th Cir. 2010) (unpublished) (*Attachment B*) (quoting *Brewer v. Reynolds*, 51

F.3d 1519, 1527 (10th Cir. 1995)).   "A reasonable probability is a probability

sufficient to undermine confidence in the outcome."   *Strickland*, 466 U.S. at 694.

A claim of ineffective assistance of counsel "may be resolved on either

performance or prejudice grounds alone."   *United States v. Kennedy*, 225 F.3d

1187, 1197 (10th Cir. 2000).   *See also Strickland*, 466 U.S. at 697; *Cooks v. Ward*,

165 F.3d 1283, 1292-93 (10th Cir. 1998) ("This court may address the performance

and prejudice components in any order, but need not address both if [petitioner] fails

to make a sufficient showing of one.")   If a defendant fails to satisfy either prong of

the *Strickland* test, the ineffective assistance of counsel claim must fail.   *Upchurch*

*v. Bruce*, 333 F.3d 1158, 1163 (10th Cir. 2003) ("Under *Strickland*, two prongs must

be satisfied to show ineffective assistance of counsel in violation of the Sixth

Amendment.")

### B.   The Motion to Vacate Is Facially Insufficient.

The Motion is facially inadequate under the Rules Governing Section 2255

Proceedings.   Rule 2(b) commands that a motion must "specify all the grounds for

relief available to the moving party" and "state the facts supporting each ground."

Askew's factual assertions are meager indeed:   there is no explanation of what

strategies were or were not discussed between attorney and client, including the

inherent trade-offs and assessment of the resultant likelihood of success.

Askew argues that his counsel was ineffective because he did not object to the PSI's separate counting of three cases in his criminal history.   Those three cases are as follows:

- **Case No. 98CR1551** - Distribution of Schedule III Controlled Substance (felony), Jefferson County District Court
  Arrested:   4/10/98
  Sentenced:   10/22/98 to 4 years of probation
  4/03/00:   Probation revoked, 4 years of prison
  6/25/03:   Paroled
  9/16/05:   Parole revoked, returned to prison
  3/16/06:   Paroled
  8/17/06:   Sentence discharged

- **Case No. 99CR1339** - Attempted Conspiracy to Possess Schedule II Controlled Substance (felony), Jefferson County District Court
  Arrested:   4/29/99
  Sentenced:   4/03/00 to 4 years of prison, concurrent with Case Nos. 98CR1551 and 99CR1324
  8/17/06:   Sentence discharged

- **Case No. 99CR1324** - Driving After Revocation Prohibited (felony), Jefferson County District Court
  Arrested:   5/17/99
  Sentenced:   4/03/00 to 2 years of prison, concurrent with Case Nos. 98CR1551 and 99CR1339
  8/17/06:   Sentence discharged

[PSI, Doc. 620 at 9, 11].

Askew's contention is that these three convictions – each of which received 3 criminal history points – should have been combined for purposes of determining his

criminal history.   He believes that since sentencing for the latter two convictions occurred on the same day, and those sentences were ordered to be served concurrently with each other and that resulting from the prior conviction, his criminal history was over-represented.   [Motion, Doc. 881 at 4-5].   However, he offers neither law nor facts in support of his assertion of error.

This abjectly fails to comply with the rule.   *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quotations omitted).   *See also United States v. Sullivan*, 67 F.3d 312 (Table), 1995 WL 561127, *1 (10th Cir. Sept. 21, 1995) (unpublished) (*Attachment C*) ("Plaintiff's section 2255 motion sets forth no specific allegations of error, instead asserting broad conclusions of unfairness that are unsupported by any factual basis and requesting that the court show compassion in granting his motion.   Even a liberal construction of this pro se plaintiff's petition does not reveal the existence of a valid claim.") (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*, 935 F.2d at 1110).

When faced with such a scant or cursory pro se pleading, a court "should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations."   *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (quoting *Northington v. Jackson*, 973 F.2d 1518, 1520-21

(10th Cir. 1992)).   "[A]lthough we make some allowances for a pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Shelby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)) (internal quotations, citations, and brackets omitted).   *Accord Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf") (citing *Hall*, 935 F.2d at 1110).   Moreover, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that have not been alleged.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).   *See also United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (court "may not rewrite a petition to include claims that were never presented") (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

The Amended Motion should be denied as facially insufficient.

14

### C.    Askew's Criminal History Was Properly Calculated.

Askew asserts that his attorney was ineffective because he failed to contest the PSI's according points to each of the three individual offenses at issue, rather than counting them together as a single offense.   However, far from raising the specter of deficient performance, this assertion is devoid of merit.

The applicable guideline provision, U.S.S.G. § 4A1.2(a)(2), specifies that: "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."   In this case, Askew was separately arrested in connection with each of three offenses not at issue.   In Case No. 98CR1551, he was arrested on April 10, 1998.   In Case No. 99CR1339, he was arrested on April 29, 1999.   And in Case No. 99CR1324, he was arrested on May 17, 1999.   [PSI, Doc. 620 at 9, 11].

"The Guidelines as revised by Amendment 709 explicitly state that prior sentences <u>always</u> are counted separately if they were imposed for offenses that were separated by an intervening arrest," *United States v. Matos*, 611 F.3d 31, 39 (1st Cir. 2010) (emphasis in original), and "that is the end of the inquiry."   *United States v.*

*Gale*, 468 F.3d 929, 936 (6th Cir. 2006).*   Askew's "intervening arrest on the second offense defeats any claim the two arrests were, or can be considered, related offenses."   *United States v. Marquez-Ramos*, 18 F. App'x 762, 764 (10th Cir. 2001) (unpublished) (*Attachment D*) (citing *United States v. Wilson*, 41 F.3d 1403, 1405 (10th Cir. 1994)).   *Accord United States v. Reyes-Soberanis*, 427 F. App'x 683, 685 (10th Cir. 2011) (unpublished) (*Attachment E*) ("the two convictions … were separated by an intervening arrest and therefore are counted separately.") (internal quotations and citation omitted).   *See also United States v. Roberts*, 492 F. App'x 869, 873 (10th Cir. 2012) (unpublished) (*Attachment F*) (where two offenses are not separated by an intervening arrest, and the sentences were imposed on the same day, the defendant has shown "something more than the absence of frivolity or the existence of mere good faith").

That two of the sentences were imposed on the same day, and ordered to run concurrently with each other as well as the prior sentence, is of no moment.   "[T]he idea that [a state] judge sentenced him concurrently on two consecutive convictions does not give rise to the conclusion that there was only one crime. There were two crimes.   He was convicted twice.   He was sentenced to serve two sentences for

---

* The guideline provision was revised in 2007 to incorporate the language from note 3 of the Commentary into the guideline itself.   *See* Amendment 709, App. C, Vol. III (Nov. 1, 2007).

those two crimes concurrently."   *United States v. Soto-Zuniga*, 309 F. App'x 236,

238 (10th Cir. 2009) (unpublished) (*Attachment G*) (quoting with approval district

court's sentencing statement).   *Accord Marquez-Ramos*, 18 F. App'x at 764 ("the

mere fact of the concurrent … sentencing [does] not convert the separate convictions

into a 'related' crime.") (quoting *United States v. Villarreal*, 960 F.2d 117, 120 (10th

Cir. 1992)).   Even if all three of the charges had been consolidated for trial and

sentencing, that would be "irrelevant since the underlying offenses were separated

by an intervening arrest."   *United States v. Delgado-Morales*, 72 F. App'x 835, 837

(10th Cir. 2003) (unpublished) (*Attachment H*).

Fundamentally, each of the offenses at issue in this case occurred on different

dates, with intervening arrests, *see United States v. Hessman*, 493 F.3d 977, 985 (8th

Cir. 2007), the cases were not consolidated and retained separate case numbers.   *Id*.

"There is no obvious connection between these two offenses, and [the defendant]

has failed to connect them with evidence in the record."   *Gale*, 468 F.3d at 936 n.6.

The Court properly calculated Askew's criminal history under the guidelines.

To the extent Askew may assert that the proper application of the guidelines,

as discussed above, warranted a downward departure under U.S.S.G. § 4A1.3(b)(1),

he bears the high burden of demonstrating that his "criminal history category

substantially over-represents the seriousness of the defendant's criminal history or

the likelihood that the defendant will commit other crimes."   (emphasis added).

The Commentary makes it clear that the applicability of this departure is

significantly limited.   "A downward departure from the defendant's criminal

history category may be warranted if, for example, the defendant had two minor

misdemeanor convictions close to ten years prior to the instant offense and no other

evidence of prior criminal behavior in the intervening period."   U.S.S.G. §

4A1.3(b)(1), cmt. n.3.   *See also United States v. Stephen*, 160 F. App'x 505, 507

(7th Cir. 2005) (unpublished) (*Attachment I*) (downward departure applies "where

defendants had steered clear of crime for a substantial period of time," and where

"prior offenses were relatively minor in terms of violence or danger to the

community.") (quoting *United States v. Bradford*, 78 F.3d 1216, 1223-24 (7th Cir.

1996)).

Standing in sharp contrast to the Commentary's example is Askew's own

criminal history:

> The defendant's criminal history spans 18 years and includes four prior
> felony convictions, three of which are drug-related.   In addition, he
> has 16 prior traffic and/or misdemeanor convictions.   His first felony
> conviction occurred in 1998, and he was originally sentenced to four
> years probation [sic] for an offense involving his possession of crack
> cocaine.   After multiple probation violations, several misdemeanor
> convictions, and two felony convictions, probation in the original case
> was revoked and he was sentenced in three cases to prison.   The
> defendant served approximately three years in custody before he was
> paroled in June 2003.   Parole was revoked once.

[PSI, Doc. 620 at 21.]

This history "is a far cry from the Guidelines' example of two misdemeanors ten years prior to the present offense."   *United States v. Turner*, 569 F.3d 637, 643 (7th Cir. 2009).   *See also United States v. Moore*, 456 F. App'x 762, 764 (10th Cir. 2012) (unpublished) (*Attachment J*) (affirming denial of downward departure where defendant had "a felony drug charge, an assault conviction, and three convictions for driving under the influence," and "[o]n top of the nine crimes for which the guidelines assigned [him] points, he was convicted of three additional crimes"); *United States v. Akers*, 261 F. App'x 110, 116 (10th Cir. 2008) (unpublished) (*Attachment K*) (a "long history of fraudulent activity," becoming "more serious and sophisticated," including "bank fraud and making, uttering and possessing a counterfeit security based on a scheme he facilitated through successful manipulation of various acquaintances," was not only serious, but showed "a clear pattern of recidivism" which justified an <u>upward</u> departure).

Even Askew's immediate challenge concerns three <u>felonies</u> which occurred in a three-year period – each of which arose from entirely separate criminal transactions – and he had not even completed his prior sentences when he was arrested for the instant offense.   [PSI, Doc. 620 at 11-12].   *See United States v. Hoyle*, 237 F.3d 1, 8 (1st Cir. 2001) ("But nothing yet put before us shows such a

19

departure motion had promise.   On the contrary, the defendant not only had two

prior felony convictions but committed the final charged offense only a

year-and-a-half after he was released from prison but while still on parole").   "In

light of appellant's criminal history, and given that he committed one of the instant

offenses while still on parole from one of his previous felony convictions, there is

nothing rare or unusual about this case, and we cannot say that counsel's failure to

request a departure constituted deficient performance."   *In re Sealed Case*, 527

F.3d 174, 176 (D.C. Cir. 2008) (per curiam) (citing *United States v. Johnso*n, 98 F.

App'x 5, 7 (D.C. Cir. 2004)).   *Accord Bradford*, 78 F.3d at 1225.

In addition, the probation department found that further offenses would likely

result from anything less than the recommended sentence:

> Despite repeated probation and parole revocations and a prior lengthy
> prison sentence, the defendant involved himself in the instant offense
> while under drug court supervision.   In the past, he has also committed
> illegal activities while on probation and parole.   He has availed
> himself of little treatment, educational and employment opportunities,
> and appears unable to support all of his five children, two of which he
> has no contact [with].   To his credit, he expresses a desire to
> participate in substance abuse treatment, and though he will likely not
> qualify for early release through the BOP RDAP program, he would
> benefit from participating in this program.   Based on the nature of his
> criminal history, it is likely that if he does not refrain from substance
> use in the future, he will have difficulties in complying with supervised
> release.   The defendant faces a minimum guideline sentence of 130
> months (10 years, 8 months) [sic] imprisonment and given his conduct
> in the instant offense, and in consideration of his criminal history, a
> sentence of this length is recommended.

[Ex. A to PSI, Doc. 620-1 at R-2].   *See also United States v. Griffin*, 530 F.3d 433, 436 (6th Cir. 2008) ("I would call to the attention of any reviewing court this record of this defendant and the fact that the only times, if any, he lives a law abiding life is when he is incarcerated."); *United States v. Doe*, 18 F.3d 41, 49 (1st Cir. 1994) (defendant's record "reveals [his] virtually continuous commission of crimes, interrupted only by periods of incarceration.")

Askew's attorney's failure to contest the criminal history calculation, or to seek a downward departure based upon that calculation, was reasonable and does not constitute ineffective assistance of counsel.   *Orange*, 447 F.3d at 797.   Askew's claim of ineffective assistance of counsel fails under the first prong of *Strickland*.

### D.   Askew Did Not Suffer Prejudice As a Result of His Counsel's Failure to Contest the Criminal History Calculation.

Because the Guidelines dictated that his criminal history be calculated precisely as it was, and there was no grounds for a downward departure based upon that calculation, Askew cannot establish that there was any probability that his sentence would have been different, had his counsel contested the criminal history calculation or sought a downward departure.   Indeed, the Court made it clear both that the PSI calculation underrepresented Askew's criminal history, Sentencing Hearing (Sept. 18, 2012), tr. at 15-16, and that it was likely Askew would return to

criminal behavior in the absence of a substantial sentence.   *Id*. at 18-19 ("Because Mr. Askew has had an abatement of illegal behavior for a period of six years before and then returned to illegal behavior, the fact that he has been sober and responsible and engaged in lawful behavior for a period of three years I do not find to be persuasive as to the likelihood of him continuing in a law-abiding life-style.")

Askew's claim of ineffective assistance of counsel therefore fails under the second prong of *Strickland*.

### E.   An Evidentiary Hearing is Not Warranted in this Case.

A § 2255 petitioner is entitled to an evidentiary hearing on his claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ...."   28 U.S.C. § 2255(b); *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000) (quoting *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996), for this same rule).   The standard for obtaining an evidentiary hearing "is higher than notice pleading."   *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004).   "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."   *Id*.

Here, no evidentiary hearing is required because the claim raised in Askew's § 2255 motion can be decided based upon "the files and records of the case," and the

applicable case law.   *See* 28 U.S.C. § 2255(b).   For these reasons, an evidentiary

hearing is unnecessary to resolve Askew's claim.

## CONCLUSION

The Motion should be denied.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

*s/ Paul Farley*
Paul Farley
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, Colorado   80202
Telephone:   303.454.0100
E-Mail: USACO.ECFAppellate@usdoj.gov

23

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2013, I electronically filed the foregoing using the CM/ECF system and certify that a copy will be placed in the U.S. Mail, postage pre-paid to the following address:

George Harrison Askew
Register Number 38215-013
FCI Complex
Victorville II
P.O. Box 3850
Adelanto, CA   92301

*s/Dorothy Burwell*
Dorothy Burwell
U.S. Attorney's Office