

Page 1

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff–Appellee,
v.
David A. ABSTON, Defendant–Appellant.

No. 10–5091.
Nov. 5, 2010.

**Background:** Defendant convicted of possessing and distributing child pornography filed petition for postconviction relief, which was denied by order of the United States District Court for the Northern District of Oklahoma, James H. Payne, J., 2010 WL 654298, and defendant moved for certificate of appealability (COA).

**Holdings:** The Court of Appeals, Jerome A. Holmes, Circuit Judge, held that:
(1) defendant failed to show that he was prejudiced by attorney's allegedly deficient performance in connection with plea agreement;
(2) attorney's failure to accurately predict sentence that defendant would receive was neither deficient nor prejudicial;
(3) mere assertion by defendant that, had his trial attorney not behaved deficiently in failing to inform him of his right to move for change of venue in his highly publicized case, he "might" not have pleaded guilty was insufficient to show prejudice;
(4) defendant who had enabled peer-to-peer file sharing on his computer, thereby giving anyone with internet access the ability to gain entrance to child pornography stored on his computer, had no reasonable expectation of privacy that was violated when federal agent used this peer-to-peer file-sharing program to download images from defendant's computer;
(5) alleged instruction not to allocate was not shown to be prejudicial; and
(6) even assuming that defense attorney had behaved deficiently in failing to retain expert forensic examiner to assist in defending the distribution charge and in stipulating to number of pornographic images that were found on defendant's computer, defendant could not show that he was prejudiced.

COA denied.

West Headnotes

**[1] Criminal Law 110 ☞1920**

110 Criminal Law
  110XXXI Counsel
    110XXXI(C) Adequacy of Representation
      110XXXI(C)2 Particular Cases and Issues
        110k1920 k. Plea. Most Cited Cases
Even assuming that defense counsel behaved deficiently in allegedly telling child pornography defendant, upon presenting him with copy of plea agreement, that he did not have time to go over agreement with defendant because he had to get home to his sick son, and in allegedly directing defendant to sign plea agreement immediately because government had "threatened to supercede his indictment" unless signed agreement was returned the next morning, defendant failed to show, in light of his representations at plea hearing, that he would otherwise not have pled guilty and elected to go to trial, as required to satisfy "prejudice" prong of ineffective assistance claim. U.S.C.A. Const.Amend. 6.

**[2] Criminal Law 110 ☞1920**

110 Criminal Law
  110XXXI Counsel
    110XXXI(C) Adequacy of Representation

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

110XXXI(C)2 Particular Cases and Issues
110k1920 k. Plea. Most Cited Cases

Child pornography defendant who affirmatively stated under oath at plea hearing that he understood that the Guidelines calculation performed by his attorney was only an estimate, that did not limit sentence that district court could impose, could demonstrate neither deficient performance by his attorney, in underestimating by half the 30-year sentence imposed by district court, nor any prejudice, as required for defendant to be entitled to postconviction relief on ineffective assistance theory. U.S.C.A. Const.Amend. 6.

**[3] Criminal Law 110 €═1920**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
            110k1920 k. Plea. Most Cited Cases

**Sentencing and Punishment 350H €═940**

350H Sentencing and Punishment
   350HIV Sentencing Guidelines
      350HIV(H) Proceedings
         350HIV(H)1 In General
            350Hk937 Pleadings and Motions
               350Hk940 k. Discretion of prosecutor or government. Most Cited Cases

Government had almost boundless discretion in deciding whether to move for downward departure at sentencing based on substantial assistance that defendant allegedly provided in unrelated criminal investigation, so that defense counsel could not be found to have performed in constitutionally deficient manner in failing, in connection with plea agreement, to obtain government's promise to move for such a downward departure. U.S.C.A. Const.Amend. 6; U.S.S.G. § 5K1.1, 18 U.S.C.A.

**[4] Criminal Law 110 €═1920**

110 Criminal Law
   110XXXI Counsel

110XXXI(C) Adequacy of Representation
   110XXXI(C)2 Particular Cases and Issues
      110k1920 k. Plea. Most Cited Cases

Child pornography defendant who, based on representations at plea hearing, was freely and voluntarily entering guilty plea after having read and understood plea agreement, including provision that expressly barred him from obtaining a downward sentencing departure based on substantial assistance that he allegedly provided to government, could not establish that he was prejudiced by defense counsel's failure to object to this provision, as required for him to obtain postconviction relief on ineffective assistance theory. U.S.C.A. Const.Amend. 6.

**[5] Criminal Law 110 €═1920**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
            110k1920 k. Plea. Most Cited Cases

Mere assertion by defendant that, had his trial attorney not behaved deficiently in failing to inform him of his right to move for change of venue in his highly publicized child pornography case, he "might" not have pleaded guilty was insufficient to show that, but for this alleged deficiency in counsel's performance, there was reasonable probability that he "would" not have pleaded guilty and "would have" insisted on going to trial, as required to satisfy "prejudice" prong of ineffective assistance claim. U.S.C.A. Const.Amend. 6.

**[6] Criminal Law 110 €═1926**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
            110k1921 Introduction of and Objections to Evidence at Trial
               110k1926 k. Suppression of evidence. Most Cited Cases

**Obscenity 281 €═274(2)**

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

281 Obscenity
   281VI Searches and Seizures
      281k272 Warrantless Searches
         281k274 Expectation of Privacy
           281k274(2) k. Computers; electronic transmission. Most Cited Cases
   (Formerly 281k7.6)

Defendant who had enabled peer-to-peer file sharing on his computer, thereby giving anyone with internet access the ability to gain entrance to child pornography stored on his computer, had no reasonable expectation of privacy that was violated when federal agent used this peer-to-peer file-sharing program to download images from defendant's computer, and defense attorney did not behave in constitutionally deficient manner in not filing meritless motion to suppress such evidence. U.S.C.A. Const.Amends. 4, 6.

**[7] Criminal Law 110 €—1957**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
           110k1952 Sentencing in General
              110k1957 k. Other particular issues. Most Cited Cases

Even assuming that defense attorney had instructed defendant charged with possessing and distributing child pornography to decline invitation to allocute, so as to deprive him of any opportunity to express remorse for his misconduct, defendant failed to show that there was reasonable probability that any allocution by him, remorseful or otherwise, would have resulted in significantly lesser sentence, and could not rely on attorney's allegedly deficient performance in purportedly giving such instructions to obtain postconviction relief on ineffective assistance theory. U.S.C.A. Const.Amend. 6.

**[8] Criminal Law 110 €—1907**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
           110k1907 k. Stipulations. Most Cited Cases

**Criminal Law 110 €—1931**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
           110k1921 Introduction of and Objections to Evidence at Trial
              110k1931 k. Experts; opinion testimony. Most Cited Cases

Even assuming that attorney representing a defendant charged with possessing and distributing child pornography had behaved deficiently in failing to retain expert forensic examiner to assist in defending the distribution charge, and in stipulating to number of pornographic images that were found on defendant's computer, defendant could not show that he was prejudiced by such deficiencies, in light of overwhelming evidence that defendant was distributing child pornography through peer-to-peer file-sharing program, and number of pornographic images that were recovered from computer. U.S.C.A. Const.Amend. 6.

**\*359** Susan Kay Morgan, Office of the United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

David A. Abston, Marion, IL, pro se.

Before MURPHY, GORSUCH, and HOLMES, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[FN*]

   FN* This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

JEROME A. HOLMES, Circuit Judge.

**\*\*1** David A. Abston, a federal prisoner proceeding pro se,[FN1] appeals from the district court's denial—without an evidentiary hearing—of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied Mr. Abston's application for a certificate of appealability ("COA"), and he now seeks a COA from this court. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we **DENY** Mr. Abston's application for a COA and **DISMISS** his appeal.[FN2]

> FN1. Because Mr. Abston is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Van Deelen v. Johnson,* 497 F.3d 1151, 1153 n. 1 (10th Cir.2007).

> FN2. The district court denied Mr. Abston's § 2255 motion and entered judgment on February 19, 2010. Any notice of appeal from that judgment was therefore due by April 20, 2010. *See* Fed. R.App. P. 4(a)(1)(B). Mr. Abston's notice of appeal was not filed with this court until July 19, 2010, well beyond the filing period, but he did file his application for a COA with the district court on April 20, 2010. Although his notice of appeal was untimely, we consider his COA application—filed within the appeal period—to be the functional equivalent of a notice of appeal for purposes of establishing appellate jurisdiction. *See Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992); *Fleming v. Evans,* 481 F.3d 1249, 1253–54 (10th Cir.2007); *Martin v. Rios,* 472 F.3d 1206, 1206–07 (10th Cir.2007). Accordingly, we have jurisdiction to entertain the appeal. *Rios,* 472 F.3d at 1207.

**\*360 BACKGROUND**

In March 2007, Mr. Abston pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Mr. Abston's plea agreement included a provision waiving his appellate and post-conviction rights. After a sentencing hearing was held, the district court sentenced Mr. Abston to consecutive terms of 240 months' imprisonment on the distribution count and 120 months' imprisonment on the possession count, for a total of 360 months or 30 years. Mr. Abston filed an appeal of his sentence with this court, which was dismissed under the appellate waiver provision in his plea agreement. *United States v. Abston,* 304 Fed.Appx. 701 (10th Cir.2008).

Mr. Abston then filed a 28 U.S.C. § 2255 motion in the district court collaterally attacking his guilty plea on grounds of ineffective assistance of counsel. Specifically, Mr. Abston asserted that his defense counsel provided ineffective assistance of counsel in violation of his constitutional rights by: (1) inducing or otherwise threatening him to enter into the plea; (2) miscalculating the probable sentence; (3) failing to obtain through plea negotiations the government's agreement to move for a U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K1.1 downward departure due to the substantial assistance that he allegedly had provided in an unrelated federal investigation in Florida; (4) failing to move for a change of venue; (5) failing to file a motion to suppress evidence obtained from his computer through LimeWire; (6) instructing him not to allocute at the sentencing hearing; and (7) failing to obtain a computer forensic expert.

The district court, applying the two-part test ar-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

ticulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), held that: (a) defense counsel's representation was not constitutionally deficient, and (b) even if it was, Mr. Abston had not shown that he was prejudiced by counsel's actions. In so holding, the district court did not specifically analyze any of the seven claims of ineffective assistance of counsel, but instead summarily denied the motion for failure to satisfy either prong of *Strickland.* Mr. Abston subsequently filed an application for a COA, which the district court denied. Mr. Abston now seeks a COA from this court that would enable him to appeal the district court's denial of his § 2255 motion; his application before this court asserts the same seven claims of ineffective assistance of counsel. Mr. Abston also challenges the district court's denial of his request for an evidentiary hearing in connection with his § 2255 motion.

**DISCUSSION**

**\*\*2** A COA is a jurisdictional prerequisite to this court's review of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); *see Allen v. Zavaras,* 568 F.3d 1197, 1199 (10th Cir.2009) (citing *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)). "We will issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right." **\*361** *Zavaras,* 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). To satisfy this requirement, "an applicant must demonstrate that reasonable jurists could debate whether (or for that matter, agree that) the petition [i.e., § 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted).

In assessing whether to grant a COA, the "threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *United States v. Silva,* 430 F.3d 1096, 1100 (10th Cir.2005) (quoting *Miller–El,* 537 U.S. at 336, 123 S.Ct. 1029) (internal quotation marks omitted). Although an applicant "is not required to prove the merits of his case, he must demonstrate 'something more than the absence of frivolity or the existence of mere good faith' on his part." *Id.* (quoting *Miller–El,* 537 U.S. at 338, 123 S.Ct. 1029).

Where a "COA application rests on claims of ineffective assistance of counsel, in order to determine if [an applicant] can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis ... in light of the two-part test for ineffective assistance" articulated by the Supreme Court in *Strickland*. *United States v. Harris,* 368 Fed.Appx. 866, 868 (10th Cir.2010), *cert. dismissed,* ––– U.S. ––––, 131 S.Ct. 455, 177 L.Ed.2d 1149 (2010). Under *Strickland,* a prisoner claiming ineffective assistance of counsel "must show both that his counsel's representation 'fell below an objective standard of reasonableness,' and that there is a reasonable probability that, but for the counsel's error, 'the result of the proceeding would have been different.' " *United States v. Challoner,* 583 F.3d 745, 749 (10th Cir.2009) (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052).

When a prisoner claims ineffective assistance of counsel in connection with a plea agreement, "in order to satisfy the 'prejudice' requirement, the [prisoner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, in applying the *Strickland* test, we "may address the performance and prejudice components in any order, but need not address both if [the prisoner] fails to make a sufficient showing of one." *Boltz v. Mullin,* 415 F.3d 1215, 1222 (10th Cir.2005) (quoting *Cooks v. Ward,* 165 F.3d 1283, 1292–93 (10th Cir.1998)) (internal quotation marks omitted); *see also United States v. Gonzalez,* 596 F.3d 1228,

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT B

Page 6

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

1233 (10th Cir.2010) ("It is permissible for a reviewing court, if it so chooses, to proceed directly to the prejudice prong of the *Strickland* analysis.").

**\*\*3** Mr. Abston seeks a COA on each of the seven ineffective assistance of counsel claims that he asserted before the district court. Each claim is considered below.

**I. Inducement to Enter Into Plea Agreement**
[1] Mr. Abston asserts that defense counsel "induced or otherwise threatened" him into entering the plea agreement. Specifically, he asserts that counsel presented him with the plea agreement "at the county facility ... at approximately 9:00p.m. [sic]," and told Mr. Abston that he "had to quickly get home to [his sick son]," and therefore "he didn't have time to go over the agreement." Aplt. Opening Br. at 8. Furthermore, Mr. Abston asserts that "[d]espite [his] plea to keep and read the document overnight, counsel instructed **\*362** [him] to execute it immediately," and that the government had "threatened to supercede his indictment" unless it was returned the following morning. *Id.*

It is unlikely that counsel's alleged actions in this instance rise to the level of deficient performance. *See, e.g., Owens v. Hines,* 44 Fed.Appx. 428, 429 (10th Cir.2002) (finding no ineffective assistance of counsel when attorney had allegedly " 'enticed' [defendant] into pleading guilty by stating that if he did not accept the offer the prosecutor would withdraw from plea negotiations and 'pick a redneck jury' "). Furthermore, even if defense counsel's actions did fall below the Sixth Amendment standard of objective reasonableness, Mr. Abston has failed to satisfy the second prong of *Strickland.*

More specifically, nowhere does Mr. Abston claim that these alleged "threats" or "coercive" statements caused him to sign the plea agreement when he otherwise would have proceeded to trial. In other words, he fails to establish that "but for counsel's [coercive statements], he would not have pleaded guilty and would have insisted on going to trial." *Lockhart,* 474 U.S. at 59, 106 S.Ct. 366. To the contrary, during the plea hearing Mr. Abston testified under oath that he had read the plea agreement, that he understood the plea agreement, that he "freely and voluntarily agree[d] to the written plea agreement and all of its provisions," Dist. Ct. Doc. 104, Plea Change Hr'g Tr., at 14 (dated Dec. 18, 2007), and that his "pleas of guilty [were] free of any force, threats or pressure from anyone," *id.* at 15. Mr. Abston also acknowledged, by signing the written plea agreement, that "no one ha[d] threatened or forced [him] in any way to enter into th[e] Agreement." Dist. Ct. Doc. 67–1, Plea Agreement, at 18 (dated Mar. 5, 2007). Therefore, even if Mr. Abston's allegations were true, he cannot satisfy the second prong of *Strickland* by demonstrating that he was prejudiced as a result of his attorney's allegedly unconstitutional behavior. Reasonable jurists could not debate whether this claim should have been resolved in a different manner.

**II. Miscalculation of Sentence**
[2] Mr. Abston argues that his attorney rendered ineffective assistance by miscalculating the probable sentence that he would receive. He asserts that his attorney informed him that he would receive 15 years, but the district court sentenced him to 30 years. This court has concluded that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gigley,* 213 F.3d 509, 517 n. 3 (10th Cir.2000) (quoting *United States v. Gordon,* 4 F.3d 1567, 1570 (10th Cir.1993)) (internal quotation marks omitted).

**\*\*4** We have also held that where a defendant was informed about the uncertain nature of the attorney's sentencing predictions during the plea colloquy, his mere allegations of prejudice are insufficient to satisfy the second prong of *Strickland. See Gordon,* 4 F.3d at 1571 ("Given the fact that Defendant pleaded guilty even after being so informed by the court, his mere allegation that, but for original counsel's failure to inform him about the use of

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice."). Here, Mr. Abston affirmatively stated under oath at the plea hearing that he understood that the "the guideline calculation[ ] done by [his] attorney ... [was] only an estimate and [did] not limit the sentence that the Court could impose." Dist. Ct. Doc. 104, *supra,* at 13. Accordingly, this claim fails under either prong of *Strickland.* Reasonable **\*363** jurists could not disagree with this outcome.

### III. Failure to Obtain U.S.S.G. § 5K1.1 Downward Departure

Mr. Abston asserts that "counsel not only neglected and/or failed to obtain a downward departure for the Appellant with respect to [substantial] assistance, but he also neglected to object to the language of the plea agreement [that] expressly foreclosed the Appellant from obtaining a downward departure as a result of that substantial assistance." Aplt. Opening Br. at 13. In support of this claim, Mr. Abston summarily alleges, without further description, that he "was assisting authorities in a matter unrelated to the instant matter in the State of Florida ... [which] led to a lengthy, ongoing federal investigation of several individuals involved in an array of criminal activity." *Id.*

This ineffective assistance of counsel claim encompasses two distinct arguments: (1) that counsel was ineffective for failing to secure through plea negotiations the government's agreement to move for a § 5K1.1 downward departure, and (2) that counsel was otherwise ineffective for failing to object to the plea agreement provision stating that "[t]he parties agree that no departure pursuant to [ § ] 5K1.1 ... is contemplated by this Agreement." Dist. Ct. Doc. 67–1, *supra,* at 10.

[3] The first argument fails under the first prong of *Strickland.* It cannot be said that counsel was constitutionally deficient for failing to obtain the government's agreement to move for a § 5K1.1 departure when the government has almost boundless discretion in deciding whether to move for such a departure. Cf. *United States v. Courtois,* 131 F.3d 937, 938 (10th Cir.1997) ("Even if a defendant undeniably renders substantial assistance, the government retains discretion to decide whether to request a § 5K1.1 downward departure." (citing *Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992))). Therefore, this argument fails.

[4] As for the second argument (i.e., concerning whether counsel rendered ineffective assistance by failing to object to the § 5K1.1 provision in the plea agreement), Mr. Abston cannot satisfy the second prong of *Strickland* in that he cannot adequately demonstrate that he was prejudiced by this alleged omission. In fact, Mr. Abston has failed to even assert that he was prejudiced by counsel's alleged failure to object to the plea agreement provision—that is, he has not even attempted to argue that there is a "reasonable probability that, but for counsel's [failure to object to the provision], he would not have pleaded guilty and would have insisted on going to trial." *Lockhart,* 474 U.S. at 59, 106 S.Ct. 366.

**\*\*5** To the contrary, it is clear from the record that Mr. Abston knew that the provision was in the plea agreement—and therefore knew that his attorney had not successfully objected to the provision's inclusion—and he nevertheless signed the agreement and entered his guilty plea. This essentially negates any argument that, but for counsel's failure to object, Mr. Abston would not have signed the plea agreement. Furthermore, even if defense counsel had objected to the inclusion of the provision, given the government's broad range of discretion in this area, *Courtois,* 131 F.3d at 938, we can do no more than speculate concerning whether the government would have acceded to the objection and removed the provision. More to the point, Mr. Abston cannot establish that there is a reasonable probability that the outcome concerning the entry of his plea would have been different, but for his **\*364** counsel's failure to object to the substantial assistance provision.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

We therefore conclude that, under either argument embodied in this claim, reasonable jurists could not debate whether the issue should have been resolved in a different manner or otherwise deserves further attention from the court.

### IV. Failure to Move for a Change of Venue

[5] Because this was an allegedly high-profile case, Mr. Abston argues that counsel provided ineffective assistance by failing to move for a change of venue, or failing to inform Mr. Abston that he could move for a change of venue, thereby depriving him of the opportunity to "obtain a jury venire free from the taint of the media." Aplt. Opening Br. at 6. More specifically, he argues that counsel's failure to inform him that he could move for a change of venue *before* he waived his right to trial constituted ineffective assistance of counsel. [FN3] In attempting to discern the full import of Mr. Abston's argument on this point, we examined his filings in the district court. There, Mr. Abston argued that "[h]ad counsel, in the course of his representation, informed the Petitioner that should he decide to proceed to trial, or in his contemplation to proceed to trial, a change of venue motion could be made available to him, then the outcome of the Petitioner's decision *could* in fact have been different." Dist. Ct. Doc. 119, Reply Br., at 4 (dated Dec. 16, 2009) (emphasis added).

> FN3. To the extent Mr. Abston argues that his attorney should have moved for a change of venue *after* he entered the plea agreement and waived his right to trial, it cannot be said that counsel acted unreasonably. A change of venue is meant to protect a defendant from unfair prejudice or bias of the jury. *See Gardner v. Galetka,* 568 F.3d 862, 888 (10th Cir.2009). Mr. Abston's waiver of his right to trial by jury effectively obviated the need to move for a change of venue; therefore, it was entirely reasonable for his attorney to refrain from filing such a motion after the plea was entered.

Thus, Mr. Abston merely asserts that had counsel informed him of the opportunity to move for a change of venue then it *may* or *could* have changed his decision to plead guilty. This clearly does not satisfy his burden of showing that "there is a reasonable probability that, but for counsel's [failure to inform him of the possibility of a change of venue], he *would not have* pleaded guilty and *would have* insisted on going to trial." *Lockhart,* 474 U.S. at 59, 106 S.Ct. 366 (emphasis added). Because Mr. Abston cannot satisfy the second prong of *Strickland,* reasonable jurists could not debate whether this issue should have been resolved in a different manner.

### V. Failure to File a Motion to Suppress

**\*\*6** [6] Mr. Abston asserts that his defense counsel was constitutionally deficient in failing to file a motion to suppress the pornographic images that were downloaded from his computer through LimeWire, a peer-to-peer file-sharing program.[FN4] He **\*365** argues that the pornographic images downloaded by the undercover FBI agent—which enabled the FBI to obtain a warrant to search his home and computer and subsequently arrest him—were unlawfully obtained in violation of his Fourth Amendment rights. This argument is wholly without merit. An individual who has "enabled peer-to-peer file sharing on his computer, thereby giving anyone with internet access the ability to gain entrance to his computer ... holds no reasonable expectation of privacy that the Fourth Amendment will protect." *United States v. Perrine,* 518 F.3d 1196, 1204 (10th Cir.2008). Furthermore, "the Sixth Amendment does not require that every possible motion be filed, but only those having a solid foundation." *Coleman v. Brown,* 802 F.2d 1227, 1234 (10th Cir.1986). This claim therefore fails under the first prong of *Strickland* because it cannot be said that defense counsel acted unreasonably in failing to file a meritless motion to suppress. Accordingly, reasonable jurists could not debate whether this issue should have been resolved in a different manner.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

FN4. This claim of ineffective assistance of counsel regarding counsel's failure to file a Fourth Amendment motion to suppress, and Mr. Abston's remaining claims (i.e., relating to allocution and a computer forensic expert), appear to be barred by the collateral-attack waiver provision of Mr. Abston's plea agreement. The agreement states that Mr. Abston has "waive[d] the right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, *except for claims based on ineffective assistance of counsel [that] challenge the validity of the guilty plea or this waiver.*" Dist. Ct. Doc. 67–1, *supra,* at 3 (emphasis added). The italicized exception mirrors the substance of the exception that we established in *United States v. Cockerham,* 237 F.3d 1179 (10th Cir.2001).

There, we opined: "[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187. We stressed in *Cockerham,* that "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Id.* More specifically, we stated: "[I]t is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver." *Id.* However, the question of whether the specific claims before us are saved by the *Cockerham* exception, which is embodied in Mr. Abston's plea agreement, ordinarily would turn on the precise framing of the claims and consequently would need to be answered "on a case-by-case basis." *Id.* at 1188.

At first blush, the *Cockerham* exception does not appear to save these three claims. By their terms, these claims do not seem to even arguably relate to counsel's performance in negotiating or entering into the plea or waiver. *United States v. Masters,* 317 Fed.Appx. 750, 755 (10th Cir.2009) ("For an ineffective assistance of counsel claim to fall within this *[Cockerham]* exception, it must bear more than a tangential relationship to the plea agreement waiver."); *see Cockerham,* 237 F.3d at 1188 (holding that defendant's sentencing-related claim of ineffective assistance of counsel "may not reasonably be characterized as an attack on the validity of the plea"). Furthermore, as to these claims, Mr. Abston does not attempt to "directly tie[ ] his attorney's conduct" in other areas of the criminal proceedings "to the advice the attorney provided him in connection with his decision to plead guilty." *Jackson v. United States,* 252 Fed.Appx. 918, 921 n. 2 (10th Cir.2007); *see United States v. White,* 386 Fed.Appx. 787, 791–92 (10th Cir.2010).

However, because the government has not sought to enforce the collateral-attack waiver, it has forfeited its ability to do so. *See United States v. Calderon,* 428 F.3d 928, 930–31 (10th Cir.2005) ("Although the government is accorded flexibility in the form of its request for enforcement of an appeal waiver," we cannot enforce the waiver when the government "utterly neglects to invoke the waiver in this Court." (citing *United States v. Clayton,* 416 F.3d 1236, 1238–39 (10th Cir.2005))). Accordingly, although it is likely that Mr. Abston's three remaining claims would be barred

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

by the collateral-attack waiver (a matter we need not definitively decide), we proceed to address them here.

### VI. Instruction Not to Allocute

[7] Mr. Abston argues that his attorney provided ineffective assistance of counsel by instructing him not to speak on his own behalf at the sentencing hearing. It is clear from the record that the district court gave Mr. Abston two opportunities at the sentencing hearing to allocute, both of which he declined. Mr. Abston claims that defense counsel instructed him at the hearing to decline those opportunities, but there is no evidence of this in the record.

**\*366** Even if counsel did in fact instruct Mr. Abston not to allocute, Mr. Abston has not sufficiently demonstrated that he was prejudiced by his attorney's alleged instruction not to speak. Mr. Abston merely asserts in a conclusory fashion that he was unable to "show[ ] any signs of remorse" because of his counsel's direction not to allocute, and that this "upset the Court" and the "outrage[ ][of] the Court ... was reflected in the Appellant's sentencing." Aplt. Opening Br. at 13. Mr. Abston points to nothing in the record to support this assertion. Furthermore, he makes no attempt to explain why there is a reasonable probability that any allocution by him—remorseful or otherwise—would have resulted in a significantly lesser sentence. Thus, Mr. Abston has failed to establish that there is a reasonable probability that the absence of the purported sentencing benefit that could have resulted from allocution affected his decision to plead guilty. In sum, we conclude that reasonable jurists could not debate whether this claim should have been resolved in a different manner.

### VII. Failure to Obtain a Computer Forensic Expert

**\*\*7** [8] Mr. Abston argues that counsel was deficient in failing to obtain an expert forensic examiner to demonstrate at sentencing that he never distributed pornographic images. He also asserts that counsel was deficient in stipulating to the number of pornographic images and videos that he had on his computer, which the court found to exceed 600. Under this claim, we need not address whether counsel's performance was deficient—even though these were likely reasonable tactical decisions—because Mr. Abston cannot show that he was prejudiced.

Although Mr. Abston asserts that his counsel's failure to obtain an expert forensic witness and his counsel's stipulation as to the number of images and videos "resulted in the Appellant having received an additional 15–year sentence," *id.* at 12, this assertion is not supported by the record. The evidence against Mr. Abston was overwhelming both as to the fact that he was distributing pornography through the LimeWire peer-to-peer program and as to the number of images and videos contained on his computer.

Had counsel retained an expert and refused to stipulate, it is not reasonably probable that he would have uncovered any evidence that, if presented at sentencing, would have resulted in a significantly lesser sentence. *Cf. Brewer v. Reynolds,* 51 F.3d 1519, 1527 (10th Cir.1995) (stating that the sentence imposed would not have been different "[g]iven the State's overwhelming case against [the defendant], the number and gravity of the aggravating circumstances found by the jury, and the nature of the crime itself"), *abrogated on other grounds by Smith v. Workman,* 550 F.3d 1258 (10th Cir.2008). Consequently, there is no reasonable probability that any purported sentencing benefit could have affected Mr. Abston's decision to plead guilty. *See id.* ("Even assuming deficient performance by counsel, [the defendant] has failed to demonstrate a reasonable probability that the outcome of his sentencing would have been different."); *United States v. Lott,* 365 Fed.Appx. 946, 949 (10th Cir.2010) (stating that defense counsel's refusal to call witnesses to rebut the prosecution's case did not prejudice the defendant because "it would not have been sufficient to overcome the government's 'overwhelming' evidence" and "would [not] have

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.)))**

made any difference to the outcome"). Accordingly, Mr. Abston has failed to satisfy the second prong of *Strickland.* Reasonable jurists could not debate whether this claim should have been resolved in a different manner.

**\*367 VIII. District Court's Refusal to Conduct Evidentiary Hearing**

Mr. Abston repeatedly asserts that the district court erred by failing to hold an evidentiary hearing on his ineffective assistance of counsel claims. We review the district court's decision to deny an evidentiary hearing for abuse of discretion. *Hooks v. Workman,* 606 F.3d 715, 731 (10th Cir.2010). As discussed above, each of Mr. Abston's claims are "resolvable solely on the basis of the existing record." *Id.* Accordingly, the district court did not abuse its discretion in denying his request for an evidentiary hearing.

**CONCLUSION**

**\*\*8** For the foregoing reasons, we **DENY** Mr. Abston's request for a COA and **DISMISS** his appeal.

C.A.10 (Okla.),2010.
U.S. v. Abston
401 Fed.Appx. 357, 2010 WL 4367124 (C.A.10 (Okla.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.