ATTACHMENT F



Page 1

492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff–Appellee,
v.
Robert F. ROBERTS, Defendant–Appellant.

No. 12–3096.
July 20, 2012.

**Background:** Defendant convicted of being a felon in possession of a firearm moved to vacate, set aside, or correct sentence. The United States District Court for the District of Kansas denied motion. Defendant sought certificate of appealability (COA).

**Holdings:** The Court of Appeals, Michael R. Murphy, Circuit Judge, held that:
(1) defendant could not show he was prejudiced by his attorney's failure to investigate whether he was legally permitted to carry a firearm;
(2) counsel's failure to object to admission of photograph was not objectively unreasonable;
(3) district court abused its discretion by refusing to permit defendant to supplement or amend his motion to vacate, set aside, or correct sentence; and
(4) reasonable jurists could debate whether defendant's sentence for a prior escape conviction should not be counted separately from the sentence imposed in a related action.

Certificate of appealability granted in part and denied in part.

West Headnotes

**[1] Criminal Law 110 ⚔═1909**

110 Criminal Law
    110XXXI Counsel
        110XXXI(C) Adequacy of Representation
            110XXXI(C)2 Particular Cases and Issues
                110k1908 Raising of Particular Defense or Contention
                    110k1909 k. In general. Most Cited Cases

Absent showing that his right to possess a firearm was restored under Kansas law, defendant could not show he was prejudiced by his attorney's failure to investigate whether he was legally permitted to carry a firearm in Kansas despite a Kansas felony conviction, as required to support a claim of ineffective assistance of counsel. U.S.C.A. Const.Amend. 6; 18 U.S.C.A. § 921(a)(20); K.S.A. 21–4204(a)(4) (Repealed).

**[2] Criminal Law 110 ⚔═1933**

110 Criminal Law
    110XXXI Counsel
        110XXXI(C) Adequacy of Representation
            110XXXI(C)2 Particular Cases and Issues
                110k1921 Introduction of and Objections to Evidence at Trial
                    110k1933 k. Documentary evidence. Most Cited Cases

Trial counsel's failure to object to admission of photograph was not objectively unreasonable, as required to establish ineffective assistance of counsel. U.S.C.A. Const.Amend. 6.

**[3] Criminal Law 110 ⚔═1575**

110 Criminal Law
    110XXX Post-Conviction Relief
        110XXX(C) Proceedings
            110XXX(C)1 In General
                110k1574 Petition or Motion
                    110k1575 k. In general. Most Cited Cases

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.)))**

District court abused its discretion by refusing to permit defendant to supplement or amend his motion to vacate, set aside, or correct sentence to conform to procedural requirements, even where defendant sought to add new claims. 28 U.S.C.A. § 2255; Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[4] Criminal Law 110 🗝1073**

110 Criminal Law
    110XXIV Review
        110XXIV(F) Proceedings, Generally
            110k1073 k. Certificate of probable cause or reasonable doubt. Most Cited Cases

Reasonable jurists could debate whether defendant's sentence for a prior escape conviction should not be counted separately from the sentence imposed in a related action, because the two offenses were not separated by an intervening arrest and the sentences, and thus defendant was entitled to certificate of appealability (COA) to obtain review of district court's denial of his motion to vacate, set aside, or correct sentence on claim that counsel was ineffective for failing to challenge the calculation of his criminal history. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2255.

**\*870** Brent I. Anderson, Office of the United States Trustee, Wichita, KS for Plaintiff–Appellee.

Robert F. Roberts, Leavenworth, KS, pro se.

Before MURPHY, BALDOCK, and HARTZ, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY IN PART AND GRANTING A CERTIFICATE OF APPEALABILITY IN PART**
MICHAEL R. MURPHY, Circuit Judge.
**ORDER**

**\*\*1** On June 27, 2012, the court issued an Order Denying a Certificate of Appealability in connection with this matter. On July 6, 2012, the Appellant filed a pleading with the clerk of the court which we have interpreted as a petition seeking panel rehearing. The panel **grants** rehearing, **vacates** the June 27, 2012 Order, and replaces it with the Order Denying a Certificate of Appealability in Part and Granting a Certificate of Appealability in Part issued herewith.

Petitioner, Robert F. Roberts, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the motion to vacate, set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255 motion unless he first obtains a COA). In 2009, Roberts **\*871** was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The judgment of conviction was affirmed by this court on March 29, 2011. *United States v. Roberts,* 417 Fed.Appx. 812 (10th Cir.2011). Roberts filed the instant § 2255 motion on September 30, 2011, raising four claims of ineffective assistance of trial counsel. The district court denied relief on all four claims.

Roberts cannot appeal the denial of his motion until he first obtains a COA from this court.[FN1] *See* 28 U.S.C. § 2253(c)(1)(B). To be entitled to a COA, Roberts must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quotations omitted). In evaluating whether Roberts has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338, 123 S.Ct. 1029. Although Roberts need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.)))**

(quotations omitted). In his COA application and appellate brief, Roberts challenges the district court's disposition of his four claims and also argues the court abused its discretion by refusing to permit him to amend his § 2255 motion.

> FN1. Roberts's request to proceed *in forma pauperis* on appeal is **granted.**

[1] The first two claims addressed by the district court relate to Roberts's allegations his trial counsel failed to investigate whether he was legally permitted to carry a firearm in Kansas despite a 1999 Kansas felony conviction. *See* 18 U.S.C. § 921(a)(20) (providing a prior conviction does not trigger the federal prohibition on possession of a firearm if the defendant "has had [his] civil rights restored."); *see also See United States v. Baker,* 508 F.3d 1321, 1328 (10th Cir.2007) (looking to the "whole of state law" to determine whether a defendant's firearms privileges are restricted (quotation omitted)). It is clear these two claims were properly dismissed by the district court. In 1999, Roberts was convicted of robbery, possession of cocaine with intent to sell, and criminal possession of a firearm. He was sentenced to forty-four months' incarceration. His probation was revoked in 2000 and he was paroled in 2006. His sentence expired on June 26, 2008. The instant felon-in-possession offense occurred on April 6, 2008. Kansas criminalizes the possession of a firearm "by a person who, within the preceding ten years ... has been released from imprisonment for" specifically enumerated felonies, including robbery. Kan. Stat. Ann. § 21–4204(a)(4) (2007).FN2 Because Roberts has wholly failed to show that his right to possess a firearm was restored under Kansas law, he cannot show he was prejudiced by his attorney's performance. *See Cooks v. Ward,* 165 F.3d 1283, 1292–93 (10th Cir.1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one"). Although Roberts repeatedly argues it was the Government's ***872** burden to prove the elements of the offense at trial, we note it is now Roberts's burden to prove his counsel was constitutionally ineffective. He cannot meet that burden with his unsupported and conclusory assertions.

> FN2. After Roberts committed the offense of conviction, the Kansas legislature moved the relevant statute from Kan. Stat. Ann. § 21–4204(a)(4) to Kan. Stat. Ann. 21–6304(a)(3)(A).

**\*\*2** [2] Roberts has also failed to meet his burden of showing his counsel was ineffective for failing to object or move for a mistrial when the trial court denied the jury's request for a read-back of testimony. He has again failed to show any prejudice flowing from counsel's allegedly deficient performance. Finally, Roberts argues his counsel failed to properly familiarize himself with a photograph before inviting testimony about it. This court has already concluded the admission of the photograph was not error. *Roberts,* 417 Fed.Appx. at 821–22. Further, counsel relied on the photograph to support the position Roberts did not possess a gun the night of his arrest. *Id.* at 822 (quoting from counsel's closing argument). Not only were counsel's actions objectively reasonable, Roberts has failed to show the jury's verdict would be different if the photograph had not been admitted. *See United States v. Kennedy,* 225 F.3d 1187, 1197 (10th Cir.2000) ("In order to obtain habeas relief for ineffective assistance of counsel, a petition must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." (quotation omitted)).

We next address Roberts's assertion the district court abused its discretion by refusing to permit him to supplement or amend his § 2255 motion. After filing his initial § 2255 motion, Roberts sought to add several additional claims: four claims alleging his appellate counsel was ineffective for failing to develop record support for the four arguments raised in his original § 2255 motion; a claim his appellate counsel was ineffective for failing to object to the district court's suggestion that counsel

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.)))**

for the government meet with his appellate and trial counsel before the evidentiary hearing on his motion for a new trial to discuss trial counsel's prior representation; claims that trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history score; claims that trial and appellate counsel were ineffective for failing to challenge the jury selection process; a claim alleging trial counsel was ineffective for advising him to stipulate to a prior state firearm crime that he asserts was not a felony and a related claim that appellate counsel was ineffective for failing to raise the issue on direct appeal; and claims that trial and appellate counsel were ineffective for failing to challenge the indictment as defective because it did not set out the predicate prior felony supporting the federal felon-in-possession charge. [FN3]

> FN3. Roberts failed to specifically set out these additional claims in his application for COA, thus hindering this court's re- view.

[3] "Under Fed.R.Civ.P. 15(a), a party may amend its pleading once as a matter of course prior to response by the opposing party." *United States v. Guerrero,* 488 F.3d 1313, 1316 (10th Cir.2007). The district court refused to permit Roberts to amend his § 2255 motion because the proposed amendments were not signed under penalty of perjury and because he sought to raise new claims. *See id.* at 1315. This court, however, has previously held that a district court must give a § 2255 movant the opportunity to amend his motion to conform to procedural requirements even if he seeks to add a new claim. *See id.* at 1316–17 & 1317 n. 3 (holding a § 2255 movant seeking to add a timely claim should be given "an opportunity to conform his motion to ... procedural requirements" **\*873** because "of the strenuous requirements for filing a second or successive § 2255 motion"). We conclude, therefore, the district court abused its discretion by refusing to permit Roberts to amend his § 2255 motion.

**\*\*3** [4] As to Roberts's claims that trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history score, this court has reviewed the record, including the Presentence Investigation Report ("PSR"), and concludes Roberts is entitled to a COA because he has made a substantial showing of a denial of a constitutional right.[FN4] The PSR assessed nine criminal history points against Roberts; three of which were for the sentence he received in Case No. 99CR3189 which he does not challenge. Three additional points were assessed for the sentence he received in Case No. 99CR1926. This sentence relates to a 1999 aggravated escape conviction. According to the PSR, this escape offense occurred while Roberts was "held in lawful custody on an adjudication as a juvenile offender for an act which would be a felony if committed by an adult, to-wit: 96JV[ ]." According to Roberts, the sentence for this escape conviction should not be counted separately from the sentence imposed in Case No. 99CR1925 because the two offenses were not separated by an intervening arrest and the sentences in 99CR1925 and 99CR1926 were imposed on the same day. *See* USSG § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.,* the defendant is arrested for the first offense prior to committing the second offense)."). Thus, he argues, his total criminal history points are six, not nine, reducing his Criminal History Category from IV to III and decreasing his advisory guidelines range to 41–51 months. We conclude that although Roberts has not demonstrate this appeal will succeed, he has proved "something more than the absence of frivolity or the existence of mere good faith," *Miller–El,* 537 U.S. at 338, 123 S.Ct. 1029 (quotations omitted), and thus has met his burden of demonstrating "that reasonable jurists could debate whether" this issue should proceed further. *Id.* at 336, 123 S.Ct. 1029 (quotations omitted); *see also Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reas-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.)))**

onable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

> FN4. "To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." *United States v. Lopez,* 100 F.3d 113, 117–18 (10th Cir.1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Under the prejudice prong of the *Strickland* test, "a defendant must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *United States v. Harfst,* 168 F.3d 398, 402 (10th Cir.1999) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

We further conclude, however, that Roberts is not entitled to a COA on the remaining claims he sought to add to his § 2255 motion because he has not made "a substantial showing of the denial of a constitutional right" with respect to these claims. 28 U.S.C. § 2253(c)(2). As to the four claims of ineffective assistance of appellate counsel that relate to the four claims raised in the original § 2255 motion, we have already concluded herein that the **\*874** four claims of ineffective assistance of trial counsel are meritless.[FN5] Roberts has also failed to identify any privileged information disclosed by his appellate counsel during the pre-hearing meeting and thus cannot show how the meeting resulted in a violation of his constitutional rights. Roberts cannot prevail on his jury-selection claim unless he demonstrates, *inter alia,* that the alleged underrepresentation of African Americans in the jury pool "is due to systematic exclusion of the group in the jury-selection process." *Trice v. Ward,* 196 F.3d 1151, 1164 (10th Cir.1999) (quotation omitted). Because he has presented no evidence to support his conclusory accusations, he is not entitled to a COA on this claim.

> FN5. Additionally, in his application for COA and appellate brief, Roberts has wholly failed to identify the information appellate counsel allegedly failed to garner and how that information would entitle him to relief on his claims that trial counsel was ineffective.

**\*\*4** Roberts next asserts counsel was ineffective for advising him to stipulate to a prior state firearm crime which he argues was not a felony and thus could not support the federal felon-in-possession charge. Even assuming the state firearm crime is not a felony, Roberts has been convicted of multiple felonies, any one of which could have supported the federal firearm charge. Thus, he has not shown entitlement to a COA on this claim. He is not entitled to a COA on his challenge to the indictment because he stipulated to the prior felony conviction and the record contains uncontroverted evidence that trial counsel reasonably advised Roberts to stipulate to this element so the jury would not learn about the prior convictions.

Having undertaken a review of Roberts's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller–El,* this court concludes Roberts is not entitled to a COA on any claim except the one relating to the district court's refusal to permit him to amend his § 2255 motion to add claims his trial and appellate counsel were ineffective for failing to challenge the calculation of his criminal history. The district court's resolution of the remaining claims on which Roberts seeks a COA is not reasonably subject to debate and the other issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, with the exception of the claims on which COA has been granted, this court **denies** Roberts's request for a COA.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

ATTACHMENT F

Page 6

492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.)))**

With respect to the issues on which we grant COA, Appellee is directed to file an appellate brief within thirty days of the date of this order. The brief should address the issues on which COA has been granted, and any other issues Appellee deems appropriate. Specifically, the brief should address whether the matter should be remanded to the district court to permit Roberts to amend his § 2255 to add the claims on which COA has been granted and, if so, whether the district court can resolve the claims without an evidentiary hearing. Roberts may file a reply brief within fourteen days of service of Appellee's brief if he so desires. Roberts's reply brief may only address the claims upon which COA has been granted. All briefs shall be filed and served in compliance with Federal Rules of Appellate Procedure. Requests for extension of these time limits will be viewed with disfavor.

C.A.10 (Kan.),2012.
U.S. v. Roberts
492 Fed.Appx. 869, 2012 WL 2951540 (C.A.10 (Kan.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.