

309 Fed.Appx. 236, 2009 WL 175068 (C.A.10 (N.M.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 309 Fed.Appx. 236, 2009 WL 175068 (C.A.10 (N.M.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ivan SOTO-ZUNIGA, Defendant-Appellant.

No. 08-2068.
Jan. 27, 2009.

**Background:** Defendant pled guilty in the United States District Court for the District of New Mexico to re-entry of a removed alien previously convicted of an aggravated felony, and was sentenced to 46 months. Defendant appealed and his counsel filed an *Anders* brief and moved to withdraw as counsel.

**Holding:** The Court of Appeals, Michael W. McConnell, Circuit Judge, held that defendant failed to raise any non-frivolous arguments on appeal.

Affirmed; motion granted.

West Headnotes

**[1] Criminal Law 110 🔑1833(2)**

110 Criminal Law
　　110XXXI Counsel
　　　　110XXXI(B) Right of Defendant to Counsel
　　　　　　110XXXI(B)9 Choice of Counsel
　　　　　　　　110k1831 Withdrawal by Counsel
　　　　　　　　　　110k1833 Anders Withdrawal on Appeal
　　　　　　　　　　　　110k1833(2) k. Particular Cases, Withdrawal Allowed. Most Cited Cases

Defendant's argument, in appealing his sentence for pleading guilty to re-entry of a removed alien previously convicted of an aggravated felony, that the government was in effect "double counting" his trafficking conviction by using it to determine his offense level and in determining his criminal history had been addressed by the Court of Appeals before and was therefore frivolous, supporting defense counsel's motion to withdraw.

**[2] Criminal Law 110 🔑1833(2)**

110 Criminal Law
　　110XXXI Counsel
　　　　110XXXI(B) Right of Defendant to Counsel
　　　　　　110XXXI(B)9 Choice of Counsel
　　　　　　　　110k1831 Withdrawal by Counsel
　　　　　　　　　　110k1833 Anders Withdrawal on Appeal
　　　　　　　　　　　　110k1833(2) k. Particular Cases, Withdrawal Allowed. Most Cited Cases

Defendant's argument, in appealing his sentence for pleading guilty to re-entry of a removed alien previously convicted of an aggravated felony, that his criminal history was over-represented because his two prior convictions "followed closely on the heels of one another" and the court that convicted him "treated them, effectively, in terms of punishment, as the same or at least not sufficiently grave to justify separate sentences," was frivolous, supporting defense counsel's motion to withdraw; defendant was convicted of two crimes, and he was sentenced to serve two sentences for those two crimes concurrently.

**\*236** Laura Fashing, Office of the United States Attorney, Albuquerque, NM, for Plaintiff-Appellee.

Ivan Soto-Zuniga, Pecos, TX, pro se.

Before TACHA, KELLY and McCONNELL, Circuit Judges.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

309 Fed.Appx. 236, 2009 WL 175068 (C.A.10 (N.M.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 309 Fed.Appx. 236, 2009 WL 175068 (C.A.10 (N.M.)))**

**\*237 ORDER AND JUDGMENT**[FN\*]

FN\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

MICHAEL W. McCONNELL, Circuit Judge.

**\*\*1** On July 26, 2007, Ivan Soto-Zuniga pled guilty to violating 8 U.S.C. § 1326(a)(1) & (2) and 1326(b)(2), Re-entry of a Removed Alien Previously Convicted of an Aggravated Felony. The presentence report (PSR) found that Mr. Soto-Zuniga had an adjusted offense level of 21 and a criminal history category of III, yielding a recommended sentence of 46 to 57 months. He was sentenced to 46 months.

Mr. Soto-Zuniga timely appealed his sentence. His counsel, Arturo B. Nieto, filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The government declined to submit a brief, and Mr. Soto-Zuniga did not file a brief or other pleadings. Therefore, our resolution of this case relies on his counsel's *Anders* brief and our own independent review of the record. Because we discern no non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

In his objection to the PSR, Mr. Soto-Zuniga raised three major issues. First, he argued that there was "no documentation" to support the allegation that he had been convicted of a prior drug trafficking offense. When the documentation was provided, however, this objection was withdrawn. Appellant's Br. 8. Second, he said that the government was in effect "double counting" his trafficking conviction by using it for his sixteen level enhancement and by assessing criminal history points for the same conviction. Third, Mr. Soto-Zuniga asserted that a criminal history category of III over-represented his criminal history, and that a category of II would more accurately reflect his history. Because the first objection was withdrawn by Mr. Soto-Zuniga, we consider here only the latter two issues.

But we must first make a point about the standard of review in this case. Counsel for Mr. Soto-Zuniga asserts in his brief that the relevant standard of review should be "plain error." Appellee's Br. 9. We disagree. The plain error standard applies to legal objections that were not properly raised below and are raised for the first time only on appeal. *See, e.g., United States v. Ciapponi,* 77 F.3d 1247, 1252 (10th Cir.1996). But in this case, the issues noted in the prior paragraph *were* raised before the district court in Mr. Soto-Zuniga's objection to the PSR. Accordingly, the relevant standard of review is de novo for legal questions regarding the application of the guidelines, and we review the court's factual conclusions to see if they are "clearly erroneous." *United States v. Wiseman,* 172 F.3d 1196, 1217-18 (10th Cir.1999).

[1] In any event, we agree with counsel for Mr. Soto-Zuniga that no non-frivolous issues are raised here. The supposed problem of "double counting"-using a conviction both in computing the offense level and in determining the criminal history category-has been addressed by this court before. Indeed, we have "consistently held that a defendant's prior record may be used in determining both sentence enhancements and criminal history category." **\*238***United States v. Ayala-Romero,* 239 Fed. App'x 457, 459 (10th Cir.2007); *see also United States v. Alessandroni,* 982 F.2d 419, 421 (10th Cir.1992); *United States v. Florentino,* 922 F.2d 1443, 1446 (10th Cir.1990). The district court did nothing wrong in using the same conviction in separate steps of its sentencing calculation.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

309 Fed.Appx. 236, 2009 WL 175068 (C.A.10 (N.M.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 309 Fed.Appx. 236, 2009 WL 175068 (C.A.10 (N.M.)))**

**\*\*2** [2] Mr. Soto-Zuniga also maintained that his criminal history was over-represented because his two 1997 convictions "followed closely on the heels of one another" and the court that convicted him in Arizona "treated [them] effectively, in terms of punishment, as the same or at least not sufficiently grave to justify separate sentences." Sentencing Transcript, R. Vol. III, 4. The district court resisted the suggestion that these factors should put Mr. Soto-Zuniga into a lower criminal history category, saying "the idea that an Arizona judge sentenced him concurrently on two consecutive convictions does not give rise to the conclusion that there was only one crime. There were two crimes. He was convicted twice. He was sentenced to serve two sentences for those two crimes concurrently." *Id.* at 5. We do not think, consistent with the district court judge's reasoning at sentencing, that Mr. Soto-Zuniga's criminal history was "substantially over-represent[ed]," necessitating a downward sentencing departure. *See* U.S.S.G. § 4A1.3(b)(1). [FN1]

> [FN1.] Mr. Soto-Zuniga also briefly suggested that a sentence of "twelve months and one day" would be sufficient to adequately deter him from future crimes. R. Vol. I, 8. The district court did not err in finding this unpersuasive.

Finding no non-frivolous arguments on appeal, we grant counsel's motion to withdraw and dismiss the appeal. The judgment of the United States District Court for the District of New Mexico is **AFFIRMED.**

C.A.10 (N.M.),2009.
U.S. v. Soto-Zuniga
309 Fed.Appx. 236, 2009 WL 175068 (C.A.10 (N.M.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.