ATTACHMENT J



Page 1

456 Fed.Appx. 762, 2012 WL 104779 (C.A.10 (Colo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 456 Fed.Appx. 762, 2012 WL 104779 (C.A.10 (Colo.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff–Appellee,
v.
Andre Dion MOORE, Defendant–Appellant.

No. 11–1358.
Jan. 13, 2012.

**Background:** Defendant was convicted in the United States District Court for the District of Colorado, Robert E. Blackburn, J., after he pled guilty to possession of cocaine with intent to distribute and related conspiracy charges. He appealed his sentence to 82 and one-half months in prison.

**Holding:** The Court of Appeals, Neil M. Gorsuch, Circuit Judge, held that defendant's sentence was substantively reasonable.
    Affirmed.

West Headnotes

**Sentencing and Punishment 350H ⚷645**

350H Sentencing and Punishment
    350HIII Sentence on Conviction of Different Charges
        350HIII(D) Disposition
            350Hk645 k. Total sentence deemed not excessive. Most Cited Cases

**Sentencing and Punishment 350H ⚷841**

350H Sentencing and Punishment
    350HIV Sentencing Guidelines
        350HIV(F) Departures
            350HIV(F)2 Upward Departures
                350Hk841 k. Inadequacy of criminal history category. Most Cited Cases
    Defendant's sentence to 82 and one-half months in prison for possession of cocaine with intent to distribute and related conspiracy charges was substantively reasonable, where the sentence fell below the range set by the Sentencing Guidelines, and, although the presentence report recommended a downward departure on grounds that the guidelines overstated the seriousness of his criminal history, defendant's 12 criminal convictions evinced a systematic disregard for the law and that the advisory guidelines did not substantially overstate his criminal history. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**\*763** James R. Boma, Andrew A. Vogt, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

Richard J. Banta, Denver, CO, for Defendant–Appellant.

Before LUCERO, EBEL, and GORSUCH, Circuit Judges.

**ORDER AND JUDGMENT**[FN*]

FN* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consist-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

456 Fed.Appx. 762, 2012 WL 104779 (C.A.10 (Colo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 456 Fed.Appx. 762, 2012 WL 104779 (C.A.10 (Colo.)))**

ent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

NEIL M. GORSUCH, Circuit Judge.

**\*\*1** After Andre Moore pleaded guilty to possession of cocaine with intent to distribute and related conspiracy charges, the district court turned its attention to sentencing. The court found that Mr. Moore's adjusted offense level was 25 and that his past criminal conduct placed him in criminal history category VI, the guidelines' highest category. These numbers yielded an advisory guidelines sentence of between 110 and 137 months in prison. Because of Mr. Moore's substantial assistance to law enforcement, however, the district court chose to depart downward by 25% from the bottom end of this range, ultimately issuing a sentence of 82 and one half months.

On appeal, Mr. Moore doesn't claim that the district court miscalculated the guidelines range or committed any other procedural error. Instead, he argues his sentence is substantively unreasonable. Because his sentence falls below the range set by the sentencing guidelines, however, we accord it a presumption of reasonableness. *United States v. Perez–Jiminez,* 654 F.3d 1136, 1147 (10th Cir.2011). We owe the district court's procedurally valid sentence "substantial deference," and we may overturn it only if it is "arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Sayad,* 589 F.3d 1110, 1116 (10th Cir.2009) (quotation omitted).

**\*764** None of these circumstances exists here.

Mr. Moore complains that the guidelines substantially over-represent the seriousness of his criminal history, noting that many of the prior convictions leading to his placement in criminal history category VI involved traffic violations. And, he points out, even the pre-sentence report recommended a downward departure on the grounds that the guidelines overstated the seriousness of his criminal history.

But though there is surely room for disagreement about whether Mr. Moore's sentence was appropriate, we cannot say that the district court's decision was unreasonable. First, this isn't a case where Mr. Moore fell close to the border between two criminal history categories; it takes 13 criminal history points to put a defendant into category VI, and he received 17 points. We also note, as did the district court, that many of the offenses leading to his placement in category VI were indisputably serious. They include a felony drug charge, an assault conviction, and three convictions for driving under the influence (twice for alcohol and once for marijuana). On top of the nine crimes for which the guidelines assigned Mr. Moore criminal history points, he was convicted of three additional crimes (including another drug possession charge) for which the guidelines assigned him no points but which the district court was entitled to, and did, take into account. *See, e.g., United States v. Villasenor,* 413 Fed.Appx. 78, 81 (10th Cir.2011). In light of all this, we cannot say it was unreasonable for the district court to conclude that Mr. Moore's twelve criminal convictions evinced a systematic disregard for the law and that the advisory guidelines did not substantially overstate his criminal history.

**\*\*2** Affirmed.

C.A.10 (Colo.),2012.
U.S. v. Moore
456 Fed.Appx. 762, 2012 WL 104779 (C.A.10 (Colo.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.