IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 13-cv-01448-MSK
Criminal Action No. 12-cr-00010-MSK-1

UNITEDS STATES OF AMERICA,

    Plaintiff-Respondent,

v.

GEORGE HARRISON ASKEW,

    Defendant-Movant.

**OPINION AND ORDER DENYING MOTION TO VACATE**

**THIS MATTER** comes before the Court pursuant to the Mr. Askew's *pro se* Motion "for a Review of Sentence Computation as to a Downward Departure or Variance of Sentence Issued by District Court at Sentencing" (**#881**), which the Court interprets as Motion to Vacate Petitioner's sentence pursuant to 28 U.S.C. § 2255.[1] The Government filed a Response (**#932**).

### I.  ISSUE PRESENTED

Mr. Askew asserts that he was denied his Sixth Amendment right to effective assistance of counsel because of defense counsel's failure to object to the calculation of Petitioner's criminal history points.

### II.  BACKGROUND

Mr. Askew pleaded guilty (**#480**) to one count of possession with intent to distribute more than twenty-eight grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and

---

[1] The Court is mindful of Mr. Askew's *pro se* status and, accordingly, construes his filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

1

(b)(1)(B), and one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The presentence report prepared by the probation office calculated Mr. Askew's total offense level as twenty seven. The report calculated Mr. Askew's total criminal history points as fourteen,[2] which placed him in criminal history category VI. Based on Mr. Askew's total offense level and criminal history category, the Sentencing Guidelines suggested a sentencing range of 130 to 162 months for count one and 120 months for count two. The probation office recommended a sentence of 130 months for count one to run concurrently with a 120 month sentence for count two.

The Government requested a guideline sentence of 130 months. Mr. Askew's counsel requested a below-guidelines sentence of sixty months because of Mr. Askew's "efforts to reform his behaviors between 2009 and 2012." Specifically, counsel argued that, because Mr. Askew spent three years "between his offense conduct and arrest raising his children and living a drug-free life," Mr. Askew "already is rehabilitated" and "no longer poses a threat to the public."

At the sentencing hearing, on September 18, 2012, the Court considered Mr. Askew's sentencing request, along with the objectives and factors provided in 18 U.S.C. § 3553. In doing so, the Court stated that the assessment of fourteen criminal history points failed to "really summarize adequately . . . the nature of the criminal history, because there are multiple convictions for which no points have been assigned." Further, the Court "remain[ed] unconvinced that a period of three years of sobriety justifies a variant sentence of less than half of what the guideline requires," because "there have been gaps in the criminal record of some

---

[2] Petitioner was assessed twelve points for five convictions between 1998 and 2006. Two additional points were added because he was under a state sentence at the time he committed the instant offenses. U.S.S.G. § 4A1.1(d).

2

significant time periods before this where Mr. Askew was not involved in criminal behavior." The Court, in accordance with the probation office's recommendation, sentenced Mr. Askew to a term of 130 months of imprisonment for the first count and 120 months of imprisonment for the second count, to run concurrently.[3]

Mr. Askew timely filed the instant Petition pursuant to 28 U.S.C. § 2255 on May 28, 2013. He argues that his trial counsel was ineffective for failing to object to the calculation of criminal history points in the probation office's presentence report. Specifically, he argues that his counsel should have objected to the number of points assigned for his convictions in three cases: case number 98CR1551, case number 99CR1339, and case number 99CR1324. Mr. Askew asserts that the assignment of three points for each of the three convictions was in error because the convictions "were resolved in the same court, on the same day, by the same judge." Mr. Askew argues that the sentences for these convictions "were in fact part of one sentence by the state court" and, if counsel had explained that to the Court, he would have received a lower sentence because he would have been assessed fewer criminal history points, which would have placed him in a lower guideline range.

### III.   ANALYSIS

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28

---

[3] In his motion, Mr. Askew states that he was sentenced to "the mid sentencing point on the sentencing table, at 150 months." However, the Court finds nothing in the record to support Mr. Askew's conclusion that he received a sentence of 150 months.

U.S.C. § 2255.  Here, the Mr. Askew contends that he was denied his Sixth Amendment right to the effective assistance of counsel.

A petitioner asserting a claim of ineffective assistance of counsel must show that: (i) counsel's performance fell below an objective standard of reasonableness given prevailing professional norms; and (ii) counsel's deficient performance prejudiced the defense.  *Strickland v. Washington,* 466 U.S. 668, 686 (1984); *U.S. v. Smith,* 10 F.3d 724, 728 (10th Cir. 1993).  As to the first prong, counsel are strongly presumed to have acted within the "wide range of reasonable professional assistance," and the petitioner bears the burden of showing that his counsel's conduct was objectively unreasonable under the totality of the circumstances. *Strickland*, 466 U.S. at 689.  As to the second prong, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *Id.* at 694.

Mr. Askew asserts that his trial counsel unreasonably failed to argue that the sentences arising out of case numbers 98CR1551, 99CR1339, and 99CR1324 should be counted as single sentence for purposes of computing his criminal history points because he was sentenced in all three cases on April 3, 2000.  He further asserts that he was prejudiced because, if not for this failure, he would have received a lower sentence.  The Court finds both contentions to be without merit.

Mr. Askew's counsel was entirely reasonable in refusing to challenge the Probation Office's calculation of his criminal history because, in actuality, Mr. Askew's criminal history score was correctly calculated in the Presentence Report.  The Sentencing Guidelines provide that "[p]rior <u>sentences always are counted separately</u> if the sentences were imposed <u>for offenses that were separated by an intervening arrest</u> (i.e., the defendant is arrested for the first offense

prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2) (emphasis added). Accordingly, the relevant date for purposes of determining whether two (or more) sentences should be counted separately or as a single sentence is the <u>date of arrest</u>, not the date of sentencing.

Here, Mr. Askew was arrested for the offense at issue in each case on three separate dates: (1) on April 10, 1998 for the offense in case number 98CR1551; (2) on April 29, 1999 for the offense in case number 99CR1339; and (3) on May 5, 1999 for the offense in case number 99CR1324. Thus, for purposes of computing his criminal history, it is immaterial that that he was sentenced for all three on April 3, 2000. Instead, the Sentencing Guidelines provide that all three of these sentences should be counted separately because Mr. Askew was arrested on a different date for each offense. Accordingly, because Mr. Askew's criminal history was correctly calculated, his counsel's failure to argue for a different calculation of Mr. Askew's criminal history points did not fall below the *Strickland* standard.

Moreover, even assuming that the calculation of Mr. Askew's criminal history was incorrect (and that his correct criminal history score was 10, placing him in criminal history category V), Mr. Askew has failed to show that his counsel's failure to challenge that calculation was prejudicial. First, the Court notes that it concluded that fourteen criminal history points significantly <u>underrepresented</u> the breadth of Mr. Askew's criminal history because no points were assigned for several of his prior convictions. A calculation placing Mr. Askew in a criminal history category of V, rather than VI, would only have exacerbated the underrepresentation of his criminal record for purposes of the Guideline calculation, making it more likely that the Court would have varied upward from the Guideline range pursuant to 18 U.S.C. § 3553.

5

Moreover, the Court observes that the 130-month sentence it ultimately imposed under 18 U.S.C. § 3553 would have been within the Sentencing Guideline range for Mr. Askew even if the Court were to adopt his calculation of his criminal history score. At an offense level of 27 and a criminal history category of V, rather than VI, Mr. Askew's advisory guideline range would have been 120 to 150 months. Thus, the Court's 130-month sentence under 18 U.S.C. § 3553 would still have been within Mr. Askew's advisory Guideline range. Thus, even assuming that Mr. Askew has shown that his criminal history score was incorrectly calculated, he has not shown any prejudice that resulted.

Therefore, Mr. Askew has not established he was denied his Sixth Amendment right to the effective assistance of counsel.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Vacate (**#881**).

Dated this 18th day of April, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge

6