FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -1 2019

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
DENVER DIVISION

GEORGE ASKEW,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 12-CR-00010-MSK-01
Hon. Judge Marcia S. Krieger

## MOTION TO AWARD GOOD TIME AND IMMEDIATE RELEASE
## PURSUANT TO FIRST STEP ACT (S.756) AND §3582(c)(2)

Comes Now, George Askew, herein after known as petitioner, in Pro-Se motion, respectfully moves this Honorable Court to Order the Director of the Bureau of Prisons (BOP) to recalculate his sentence and release him to Home Confinement based on retroactivity by the First Step Act.

### BACKGROUND

Recently, the President signed into Law the First Step Act(S.756) which retroactively awards inmates 7 days for each year of their sentence in which they did not lose any good time for behavior infractions while incarcerated.

Petitioner was sentenced in the United States District Court for a violation under 21 U.S.C.§841(a)(1) and (b)(1)(b) and was then sentenced to a term of 110 months. Petitioner has been incarcerated since January 20 of the year 2012 and his home confinement eligibility date is July 23 of 2019. Petitioners release date is January 14th of the year 2020.

(1)

## ARGUMENT AND AUTHORITIES

Prior to the First Step Act, inmates were earning 47 actual good time days while it was supposed to be 54 days equalling 85% of their sentence that was imposed. The First Step Act allows inmates to retroactively receive those 7 days of **good time** to equal a full 54 days per year, satisfying the 85% **calculation** date.

The Act was passed into Law by the President on December 21, 2018 and it stated that the 7 days per year would be applied retroactively. Specific Section 102(b)(2) of the Law states "Effective Date -The amendments made by this subsection shall take effect begining on the date that the Attorney General completes and releases the risk and need assesments system under subchapter D of chapter 229 of Title 18 United States Code, as added by Section 101(a) of this Act." The BOP has Discretion pursuant to §3621(e) and 3582(c)(1)(A) to release inmates. Petitioner has served his sentence and has not been a mojor problem in the BOP and requests that he be released immediately, due to the fact that his total confinement is due on January 14th 2020 which makes it an extrodinary circumstance to be released at this time. Petitioners projected release date will expire to the Act that was passed if not released on time. The petitioner is awarded 7 days for each year which would put petitioner at home confinement at this time. Petitioner was sentenced to 110 months by this Honorable Court.

## 3553(a) FACTORS

Petitioner has been involved in numerous self help programs, educational, vocational and also anger managment classes. Petitioner has been incarcerated since the year 2012 and has learned to deal with others and make better choices in life. Petitioner does not minimize that he participated in the crime that he was charged with but humbly asks that this Honorable Court exercise its discretion and be leinient in his case. He has made numerous efforts to take advantage of every program the BOP has to offer to rehabilitate himself and become a better person for himself and the community. Petitioner has served the mojority of his sentence.

Petitioner asks that this Honorable Court consider his lengthy sentence and he was granted the 7 days per year, his release date would be expired now. The Court has the discresion and petitioner prays that this Honorable Court Order the BOP to release him now since the First Step Act was made retroactive on December 21, 2018.

## CONCLUSION

Petitioner humbly asks that this Honorable Court Order the BOP to release him because he has served his sentence of 110 months and to keep him incarcerated a day passed his release date would be a miscarriage of justice and an illegal confinement due to the First Step Act that was made retroactive December 21, 2018.

IT IS SO PRAYED.                                  Respectfully Submitted,

Date: Feb 25, 2019

George Askew
REG#38215-013
FCI BIG SPRING
1900 Simler Ave.
Big Spring, Texas, 79720.

(3)

## CERTIFICATE OF SERVICE

I, George Askew, hereby certify that this is a true copy of the foregoing motion for this Honorable Court, for recuction of time per (FSA)that was made retroactive on December 21, 2018. This motion is deemed file at the time delivered to prison authorities Houston **v.Lack**, 487 U.S. 266(1988), upon respondent of record, by placing in a sealed first class pre-paid envelope addressed to the District Court of Colorado, Denver Division, Alfred A.Arras courthouse,901 19th Street, Room A105, Denver, Colorado, 80294-3589. This Motion was deposited into the mail system located at the FCI BIG SPRING located at 1900 Simler Avenue, Big Spring, Texas, 79720, on this 25th day of Febuary of the year 2019. (Title 18 U.S.C. §1746)

Respectfully Submitted,

George Askew
REG#38215-013
FCI BIG SPRING
1900 Simler Ave.
Big Spring, Texas, 79720.

George Askew 38215-013
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720



38215-013
Alfred A Arras Court House
901 19TH ST
Denver, CO 80294-3589
United States

