IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     GEORGE ASKEW,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO AWARD GOOD TIME AND IMMEDIATE RELEASE PURSUANT TO FIRST STEP ACT (S.756) AND § 3582(C)(2)**
**(DOC. 1078)**

---

The United States of America, by and through Jason R. Dunn, United States Attorney for the District of Colorado, and Barbara S. Skalla, Assistant United States Attorney for said District, submits the following in response in opposition to the Defendant's Motion to Award Good Time and Immediate Release Pursuant to First Step Act (S.756) and § 3582(c)(2). (Doc. 77)

### Procedural Background

On June 11, 2012, the defendant entered a guilty plea to one count of possession with intent to distribute more than 28 grams of crack cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of possession of a firearm by a prohibited person, a violation of 18 U.S.C. §922(g). On September 18, 2012, the defendant was sentenced to 130 months' imprisonment on the drug count and 120 months'

imprisonment, concurrent, on the gun count. Doc. 645, Judgment in a Criminal Case. On May 27, 2015, the defendant's sentence was reduced to 110 months on each count, to be served concurrently. Doc. 1060.

## The Pending Motion

The defendant now seeks an Order directing the "Director of the Bureau of Prisons (BOP) to recalculate his sentence and release him to Home Confinement based on retroactivity by the First Step Act." Motion, p. 1. Specifically, the defendant asks the court to direct the BOP to credit his sentence with any additional good conduct time provided by the First Step Act. The defendant has not submitted any supporting detail, including how much, if any, good conduct time he has earned to date. In his motion, the defendant asserts that his release date is January 14, 2020. According to the Bureau of Prisons ("BOP") inmate locator, the defendant (with Registration Number 38215-013) has an expected release date of December 22, 2019, so it appears that the BOP has already recalculated his good conduct time and adjusted his release date. See Attachment A, p. 1. Therefore, it appears that the defendant has already received from the BOP the relief he seeks from this Court, and his motion appears to be moot.

Moreover, the Court does not have authority to grant the defendant's request. "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 2683, 2690 (2010).

## The First Step Act

Section 102(b) of the First Step Act amends 18 U.S.C. § 3624(b) to change the method by which the Bureau of Prisons ("BOP") must calculate good conduct time credits.  As noted below, this subsection becomes effective beginning on the date that the Attorney General completes and releases the risk and needs assessment system under section 101(a) of the Act. The deadline for that system was July 19, 2019, the date on which The First Step Act of 2019: Risk and Needs Assessment System was published.   See 18 U.S.C. § 3632(a). Until this subsection of the First Step Act, BOP's calculations were keyed to the sentence an inmate actually serves: A prisoner may "receive credit toward the service of [his] sentence, beyond the time served, of up to 54 days at the end of each year of [his] term of imprisonment," with credit for the last year or portion of a year to be "prorated and credited within the last six weeks of the sentence."  18 U.S.C. § 3624(b) (2018).  Under this system, at the end of each year, and assuming optimally good behavior, BOP set aside 54 days from the prisoner's sentence.  During the final year, after accounting for any credits already set aside, BOP awarded credit for any remaining days at the same rate of 54 days of credit per 365 days served. This system resulted in a maximum of 54 days of credit per year served, but because inmates do not receive any credit for time they do not serve, inmates receive an effective rate of only 47 days of credit per year of sentence

imposed. Thus, a defendant subject to a 10-year sentence who earned the maximum credit received 470 days of good conduct time credit.

Under the First Step Act, by contrast, BOP's calculation will be keyed to the sentence imposed: A prisoner may "receive credit toward the service of [his] sentence of up to 54 days for each year of [his] sentence imposed by the court," with credit for the last year "credited on the first day of the last year of the term of imprisonment."

Pursuant to Section 102(b)(2) and newly enacted 18 U.S.C. § 3632(a), the effective date of this change is deferred until after the Attorney General creates and releases the risk and needs assessment program required by Section 101(a) of the First Step Act, within 210 days (approximately seven months) of the First Step Act's enactment, which was July 19, 2019.[1]  See 18 U.S.C. § 3632(a). Pursuant to Section 102(b)(3) and 18 U.S.C. § 3624(b)(1), this change applies to all inmates except those serving life sentences, those serving sentences of one year or less, and those who committed the offenses for which they are currently imprisoned before November 1, 1987.[2]

---

[1] Section 102(b)(2) states:  "EFFECTIVE DATE.—The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of Chapter 229 of title 18, United States Code, as added by section 101(a) of this Act."

[2] Section 102(b)(3) states: "APPLICABILITY.—The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987."

Although the legislative history refers to this change as a "fix" to the BOP's approach "to accurately reflect congressional intent," 164 Cong. Rec. S7774 (daily ed. Dec. 18, 2018), there was nothing unlawful about the pre-First Step Act sentence credit system. Indeed, criminal defendants challenged the BOP's methodology and urged the courts to adopt essentially the First Step Act's approach, but the Supreme Court rejected that challenge and held that the BOP's interpretation was "the most natural reading" of the statute. *Barber v. Thomas*, 560 U.S. 474, 476 (2010).

To the extent the defendant is raising Due Process challenges to the delayed effective date, it is important to note that the defendant had no pre-existing entitlement to the benefit of the new computation method. Accordingly, Congress was free to set an effective date of its choosing.

To the extent that the defendant is raising Equal Protection challenges on the theory that a delayed effective date discriminates against individuals who otherwise would be eligible for immediate release, except for defendants who offended before November 1, 1987 (and therefore were sentenced under the old parole regime), the new good conduct time credit system applies equally to all inmates, whether they offended "before, on, or after the date of enactment" of the First Step Act. First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(2), 132 Stat. 5194, 5213 (2018); *see also Williams v. Illinois*, 399 U.S. 235, 243 (1970) ("The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons

convicted of the same offense receive identical sentences."). Moreover, Congress rationally chose to give BOP a reasonable time to develop and implement through notice-and-comment rulemaking a new approach to awarding credit not only for good conduct, but also for successful completion of recidivism reduction programming under 18 U.S.C. § 3632(d)(4). *Cf. United States v. Navarro,* 800 F.3d 1104, 1110–14 (9th Cir. 2015) (rejecting arguments that delayed implementation of Guideline Amendments 782 and 788 violated the Due Process and Equal Protection Clauses because delay provided necessary time for court review, accommodated the need to arrange for transition and reentry programs, and allowed affected agencies to prepare for increased workload).

### The Bureau of Prisons has Exclusive Jurisdiction to Determine Sentence Credits in the First Instance

Moreover, the BOP has exclusive jurisdiction to determine sentence credits, subject to later judicial review via 2241 habeas proceedings. Unless and until inmates exhaust their administrative remedies with the Bureau, *see* 28 C.F.R. §§ 542.10–.16, district courts cannot afford any relief. "After a district court sentences a federal offender, the Attorney General, though the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The district court cannot award sentencing credits. *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996); *United*

6

*States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Checchini*, 967 F.2d 348, 349–50 (9th Cir. 1992). Instead, an inmate must exhaust his administrative remedies, and only then, if dissatisfied, may he seek review via 2241 habeas petition. *See, e.g., Reno v. Koray*, 515 U.S. 50, 53 (1995) (describing procedural history of inmate's challenge to BOP credit determination); *see also United States v. Callahan*, 800 F.3d 422, 426 (8th Cir. 2015); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000); *Rogers v. United States*, 180 F.3d 349, 357 (1st Cir. 1999); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Checchini*, 967 F.2d at 350; *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). See *Strausbaugh v. Shartle*, 2018 WL 6831964, at *3 (D. Ariz. Dec. 28, 2018) (challenging the reduction in good conduct time is a challenge to the manner in which sentence is executed under § 2241).

A petition under Section 2241 ordinarily must be filed in the district of confinement. See *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004). The defendant is currently serving his sentence at FCI Big Spring in Big Spring, Texas.[3] Therefore, this Court lacks jurisdiction over the computation of the defendant's sentence and good time credit because he is not in custody in this district. Accordingly, his petition, if construed as a

---

[3] See Inmate Locator, Attachment A. The envelope in which the defendant mailed his motion bears the defendant's name and registration number (38215-013) above the return address "Federal Correctional Institution, 1900 Simler Avenue, Big Spring, Texas 79720," which is the "inmate mail" address for FCI Big Spring. See Attachment A, p. 3; Doc. 1078, p. 5.

2241 motion, should be transferred to the United States District Court for the Northern District of Texas.

## Conclusion

Wherefore, the government respectfully submits that the defendant's motion should be dismissed as moot. In the alternative, it should be treated as a 2241 motion and transferred to the United States District Court for the Northern District of Texas, where the defendant is in custody.

                                            Respectfully submitted,

                                            JASON R. DUNN
                                            United States Attorney

By:   *s/Barbara S. Skalla*
       Barbara S. Skalla
       Assistant U.S. Attorney
       United States Attorney's Office
       1801 California St., Suite 1600
       Denver, CO 80202
       (303) 454-0100
       Fax: (303) 454-0405
       e-mail:  Barbara.Skalla@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this 5th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was placed in the U.S. Mail, postage prepaid, addressed to the following:

George Askew
Reg. Number 38215-013
FCI Big Spring
1900 Simler Ave.
Big Spring, Texas 79720

             <u>*s/Maggie Grenvik*</u>
             Maggie Grenvik
             Legal Assistant