George Askew #38215-013
325 E. 55th Avenue
Denver, Colorado 80216

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,
        Plaintiff,

Case No. 12-cr-00010-MSK-01
USM No. 38215-93

v

GEORGE ASKEW,
        Defendant.

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE

I. INTRODUCTION

Defendant, GEORGE ASKEW, hereby moves this court to terminate his term of supervised release pursuant to 18 U.S.C. 3583(e)(1). The four (4) years term of supervised release began on August 12,

Mr. Askew has already completed approximately Twenty-Five (25) months, which is more than half of his term of supervised release.

Mr. Askew is being supervised in the District of Colorado where he lives and works. the probation officer Dan Bath has indicated that Mr. Askew has and is in full compliance in all areas of his supervised release conditions, including all fines, restitutions and orders from the Court and his probation officer does not oppose this petition.

1

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of that supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is required for an unopposed petition.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibilty for early termination:

1. stable community reintegration (e.g; residence, family, employment);

2. progressive strides toward supervision objectives and in compliance with all conditions of the supervision.

3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. no history of violence (e.g; sexually assaultive, predatory behavior, or domestic violence);

5. no recent arrest or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. no recent evidence of alcohol or drug abuse;

7. no recent psychiatrict episodes;

8. no identifiable risk to the safety of any identifiable victim; and

9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judicial Policy, Vol. 8E, Ch. 3 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/ or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "freefrom any moderate or high severity violations," Id; 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases in an effort to reduce expenditures in the probation and pretrial services programs. Terminating the "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

## III. MR. ASKEW SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Askew satisfies all the factors set forth for early termination. He has completed all his terms of supervision and has no need for programming or treatment. He has made progressive strides towards payments of his restitution obligation as well as other obligatory requirements and will continue to do so after supervision is completed. he had minimum special conditions and has fully complied with all of them. Notably, he has no conditions requiring any sort of programming or couseling, and none has been needed during the course of suprvision. His probation officer does not oppose this petition.

Mr. Askew was charged and convicted of possession with intent to distribute cocaine and for prohibited person in possession of firearm, aiding and abetting on September 18, 2012, which he received 130 months in custody. He has served his sentence and supervision without any further incident and likewise will continue this after his supervision is completed. Mr. Askew has a steady employment working as a security guard for Watch Out Security in Denver, Colorado, he also has a home with his wife and four children who he works to support, both him and wife are happy and are successful together. The attached letters of support testify to Mr. Askew's stability and character as he transitions fully back into society.

Terminating Mr. Askew's supervised release would enable him to better support his family financially. he could branch out and work for different security companies if they are away from his place of residence. He was convicted of past crimes over 20 years ago and had suffered for those bad choices. He is determined to better his life and be a guide and example to his children so they can be proud of him

3

The Court is often called upon to impose serious consequences for defendants who violate spervised release. Mr. Askew has completed every condition asked of him and has gone far and beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family and employment. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence and is not using alcohol or controlled substances. he also has no psychiatric issues. he ejoys the support of his family, community and friends. He is an idea candidate for early termination of supervised release based on every factor the Court mus consider.

Given Mr. Askew's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. 3583(e)

Respectfully submitted,

signed this 29th day of September 2021

4

Wednesday, August 11, 2021

To Whom It May Concern:

I am writing this character reference letter on behalf of George Askew.

Since George has been released from jail, I have seen a change in him. He has maintained a job since his release. I have known George for almost 30 years and this is the first time he has consistently held employment.

There is a noticeable growth in George that has taken place. He takes life more seriously now. I know a great deal of that has to do with the birth of his grandchildren. While George was in jail he missed the birth of his grandchildren. He also experienced the great pain of losing his Mother, Robin. Not being able to attend her funeral and help his children grieve, while incarcerated made him realize how important his presence is to his family.

George has shown a maturity that wasn't present before he was incarcerated. Now he is available to his family and friends, dispensing advice and being a stable presence in their lives. He has enlightened me on a few strategies on how to deal with difficult situations. George is the type of person who will give anyone the shirt off his back if he thought they needed it.

I am happy that I get to see the full evolution of George Askew.

Sincere Regards,

Tariq Williams

cricket  •••  93% 11:52 AM

← 🗑 ✉ ⋮

## George Askew  ∑ Add label

 **Mystery man9408** Sep 13    ↩ ⋮
to askewgeorge60 ⌄

In reference to George Askew, I have had the pleasure of knowing George all of is life. I'm his aunt Renee Adair. George is a wonderful man he's a good father and he has unconditional love for his family. George is a well rounded person and he's honest. George works as a security guard and he takes his job seriously and he is a good worker. He's been on his job for 2 years. George is doing all the things he needs to do so he can lead a productive life in society. At this point of his life he's doing quite well, And I'm very proud of him and he's accomplished a lot in a very short time, if you have any questions or concerns please feel free to give me a call.

Sincerely, Renee Adair
3639 Dahlia St.
720-982-1882

George Askew
325 E 55th Ave
Denver, CO 80216

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
OCT -7 2021
JEFFREY P. COLWELL
CLERK

Marcia S. Krieger
ALfred A. ARRAJ Courthouse
901-19th St. Rm A 105
Denver, Co 80294-3589

DENVER CO 802
5 OCT 2021 PM 7 L
FOREVER / USA

80294-250099