George Askew

325 E 55th Ave

Denver, CO 80216

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 02 2023

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,
00010-MSK-01

CAST No. 12-CR- 00010-MSK

                    PLANTIFF,

USM No. 38215-93

V

MOTION FOR EARLY  TERMINATION

OF SUPERVISED RELEASE

GEORGE ASKEW,

                    DEFENDANT,

I.        INTRODUCTION

DEFENDANT, GEORGE ASKEW, HEREBY MOVES THIS COURT TO TERMINATE HIS TERM OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C 3583(E)(1).  THE FOUR (4) YEARS TERM OF SUPERVISED RELEASE BEGAN ON AUGUST 12 2019.

MR. ASKEW HAS ALREADY COMPLETED THREE (3) YEARS AND FIVE (5) MONTHS OF HIS PROBABION SENTENCE.

MR. ASKEW IS BEING SUPERVISED IN THE DISTRICT OF COLORAO WHERE HE LIVES AND WORKS.  THE PROBATION OFFICER DAN BATH HAS INDICATED THAT MR. ASKEW HAS AND IS IN FULL COMPLIANCE IN ALL AREAS OF HIS SUPERVISED RELEASE CONDITIONS, INCLUDING ALL FINES, RESTITUTIONS AND ORDERS FROM THE COURT AND HIS PROBAGION OFFICER DOES NOT OPPOSE THIS PETITION.

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of that supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is required for an unopposed petition.

Section 3583(e) directs the court to consider the purposes of the sentencing set forth in 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

1.    Stable community reintegration (e.g; residence, family, employment)

2.    Progressive strides toward supervision objectives and in compliance with all conditions of the supervision.

3.    No aggravated role in the offense of conviction, particularly large drug or fraud offenses.

4.    No history of violence (e.g; sexually assaultive, predatory behavior, or domestic violence);

5.    No recent arrest or convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct.

6.    No recent evidence of alcohol or drug abuse;

7.    No recent psychiatric episodes;

8.    No identifiable risk to the safety of any identifiable victim; and

9.    No identifiable risk to public safety based on the Risk Prediction Index (RPI)

Guide to Judicial Policy, Vol 8E, Ch. 3 380. 10(b). "Early Termination" (Monograph 109) (rev'd 2010) (emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations," Id; 380.10(g)

Further, on February 16, 2012 the Honorable Robbert Holmes Bell, Chair of the committee on Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating the "appropriate cases before they reach their fll term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative office of the courts indicates that offenders who received early termination were "arrested less often." Accordingly, "from a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.


III. MR. ASKEW SATIFISES ALL CRITERIA FOR EARLY TERMINATION

Mr. Askew satisfies all the factors set forth for early termination. He has completed all his terms of supervision and has no need for programming or treatment. He has paid his restitution in full and has complied with all special requirements. Note, he has no conditions requiring any sort of programming or counseling, and none has been needed during the course of supervision. His probation officer does not oppose this petition.

Mr. Askew was charged and convicted of possession with intent to distribute cocaine and for prohibited person in possession of firearm, aiding and abetting on September 10, 2012, which he received 130 months in custody. He has served his sentence and supervision without any further incident and likewise will continue this after his supervision is completed. Mr. Askew has steady employment working as a security guard for Watch Out Security in Denver, Colorado. He also has a home with his wife and four children who he works to support, both him and his wife are happy and are successful together.

Terminating Mr. Askew's supervised release would enable him to better support his family financially. He could branch out and work for different security companies if they are away from his place of residence. He was convcted of past crimes over 20 years ago and had suffered for those bad choices. He is determined to better his life and be a guide and example to his children so they can be proud of him.

The Court is often called upon to impose serious consequences for defendants who violate supervised release.  Mr. Askew has completed every condition asked of him and has gone far and beyond the requirements of his supervision.  He has fully reintegrated into society and is a valued worker, family member and citizen.  He has achieved stable community reintegration in terms of housing, family and employment.  He is in full compliance with all terms of supervision.  He had no aggravated role in the offense, no violence and is not using alcohol or controlled substances.  He also has no psychiatric issues.  He enjoys the support of his family, community and friends.  He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Askew's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. 3583(e)

Respectfully submitted,

signed this 26th day of May 2023

May 18, 2023

To whom it may concern:

I am the significant other to George Askew, we are not married but have been together for almost 17 years. We share our children but have no biological children together but have helped raise eachothers children making a familiy together. The last 2 and half years have been a continuous growing adventure. Our children and I are very proud of his achievements. He has kept his job and recently been offered a full-time position with Project Worthmore with benefits. Project Worthmore loves how helpful he is with the clients and staff and is always dependable. George has also been working with The Indian Center doing different projects and completing them and getting rewards. He was offered a part time job and accepted it to help young fathers be successful. He helps them with services through the Indian Center and guidance to becoming a successful father. I truly feel George has learned that he is a public influencer and is putting that to positive use. The part time job at the Indian center will help him be positive influencer to the public and give back where he can help. I believe George has learned a lot about really being a family man and staying home and spending your time with family and friends. He loves to spend time with our grandbabies and has recently started riding a bicycle for his health. Before George was incarcerated, he didn't display any of these family life skills nor did he display any interest in changing his ways. I think he really wants to be there for our family and doesn't want to miss anymore of the important things that happen when one is incarcerated. He lost his mother when incarcerated and I think it brings him close to his family to keep them together. Everyone including myself will call upon George for advice, or to help and he is always there. I feel if he was to get released, he can truly start to live his life to the fullest without limitations or feeling like he has a hold on him. We as a family love to go on small trips and eat at different places and he recently just got approved for his first out of state trip to Seattle. This trip is for our grandson's 1st birthday, and I am so excited we will get to share this with him together. I can't say enough good about how he is doing for himself, for our family and for the community. I know George has changed his lifestyle and ways of thinking so that he can be a successful citizen. I am asking the courts to grant him early termination of his supervised probation and give him a positive outlook on the judical system when one does complete all that is asked of him. I am able to be reached for any questions or concerns at 720-775-1352 or apriljennings8@gmail.com


April Jennings



**PROJECT WORTHMORE | WORTHMORE CLINIC**

*RESTORING WORTH TO REFUGEES*

5/18/23
To whom it may concern,

My name is Frank Anello and I am the Co-Founder and Executive Director of Project
Worthmore. We are a non-profit organization working along the East Colfax Corridor in Aurora,
CO. We are a direct service provider that provides 6 programs including Dental, English
Classes, Farming, Case Management, Fresh Food Access Program, and Family Partnerships to
the refugee and immigrant population. We work with clients from 26 different counties and have
a staff of 38 that speak over 28 different languages.
I am writing this to notify you that  George Askew  is currently employed here as Security and
has been working for us for the past two years.

Please feel free to reach out with any questions.


Frank Anello Co-Founder/Executive Director
fran@projectworthmore.org
720-460-1393

1666 Elmira St. Aurora, CO 80010
Main Office Phone 720-720-460-1393 • Clinic Phone 720-460-0995 • Clinic Fax 877-434-7701

Askew
325 E. 55th Ave
Denver, CO. 80216

United States District Court
901 19th Street
Room A105
Attn: Marcia S. Krieger
Denver, CO. 80294-3589

**UNITED STATES POSTAL SERVICE.**

*Retail*

**P** | US POSTAGE PAID
$9.35
Origin: 80229
06/01/23
0723500073-01

**PRIORITY MAIL®**

0 Lb 1.50 Oz

RDC 05

EXPECTED DELIVERY DAY: 06/02/23

C044

SHIP
TO:
901 19TH ST
DENVER CO 80294-2500



USPS TRACKING® #

9505 5124 4361 3152 8354 24



