IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 12-cr-00010-NYW-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     GEORGE ASKEW,

      Defendant.

---

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

---

This matter is before the Court on the Motion for Early Termination of Supervised Release (the "Motion" or "Motion for Early Termination of Supervised Release") filed by George Askew. [Doc. 1089]. The United States Probation Office ("USPO") and the United States have each filed Responses in support of Mr. Askew's request. *See* [Doc. 1094; Doc. 1095].[1] For the reasons set forth in this Order, the Motion for Early Termination of Supervised Release is **GRANTED**.

### BACKGROUND

On June 11, 2012, Defendant George Askew ("Mr. Askew") pleaded guilty to one count of possession with intent to distribute more than 28 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count I"), and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("Count II"). [Doc. 1 at 2; Doc. 479; Doc. 480 at 2]. On September 18, 2012, he was sentenced by the Honorable Marcia S.

---

[1] This Court ordered that Mr. Askew may file a reply by July 11, 2023. [Doc. 1091]. However, the Court concludes that it may rule on Mr. Askew's Motion without the benefit of a reply brief.

Krieger[2] to 130 months' imprisonment on Count I and 120 months' imprisonment on Count II, to run concurrently.  [Doc. 645 at 2].  Judge Krieger also imposed a four-year term of supervised release,[3] to immediately follow Mr. Askew's term of imprisonment, and ordered a $200 special assessment.  [*Id.* at 3, 5].  Mr. Askew's term of supervised release began on December 20, 2019 and is set to conclude on December 19, 2023.  [Doc. 1094 at 1].

Proceeding *pro se*, Mr. Askew filed his Motion for Early Termination on June 2, 2023.  [Doc. 1089].[4]  In his Motion, Mr. Askew represents that he has completed three years and five months of his supervised-release term.  [*Id.* at 1].  He also represents that he has "complied with all special requirements" of his supervised release, is not in need of any programming or treatment, and has paid the special assessment associated with his conviction in full.  [*Id.* at 3].  He states that he is steadily employed as a security guard and works to support himself, his partner, and his four children.  [*Id.*].  According to Mr. Askew, if his supervised release is terminated, he will be able to "better support his family financially" because he "could branch out and work for different security companies if they are away from his place of residence."  [*Id.*].  Mr. Askew represents that he is determined to "be a guide and example to his children so they can be proud of him."  [*Id.*].

---

[2] Due to Judge Krieger's unavailability, this case was reassigned to the undersigned on June 13, 2023.  [Doc. 1090].

[3] More specifically, Judge Krieger sentenced Mr. Askew to a four-year term of supervised release on Count I.  [Doc. 645 at 3].  With respect to Count II, Judge Krieger imposed a three-year term of supervised release that concluded on December 19, 2022.  [*Id.*]; *see also* [Doc. 1087 at 1].

[4] The Court notes that Mr. Askew also filed a motion seeking early termination of his supervised release on October 7, 2021 (the "First Motion for Early Termination").  [Doc. 1085].  Judge Krieger ordered the Government and the USPO to respond to the First Motion for Early Termination, [Doc. 1086], and both the USPO and the Government responded in opposition to Mr. Askew's request.  [Doc. 1087 at 2; Doc. 1088 at 3].  The First Motion for Early Termination has not yet been ruled on, but is nevertheless rendered moot by this Order.

The USPO agrees that Mr. Askew "appears appropriate for early termination of his supervision." [Doc. 1094 at 2]. The USPO notes that while it opposed Mr. Askew's First Motion for Early Termination due to Mr. Askew's noncompliance with the terms of his supervised release—namely, testing positive for marijuana—the USPO represents that Mr. Askew last tested positive on March 26, 2022 and that he has since "demonstrated one year of sobriety and addressed his risk factors." [*Id.*]. The USPO also represents that, based on the probation officer's appointments with Mr. Askew, Mr. Askew "appears to have internalized the skills he learned in treatment and applies them to his life," and "appears to be on a successful path and has demonstrated stable employment, stable housing, sobriety, and the ability to self-manage in the community." [*Id.*]. And the Government, "[b]ased on the reasons articulated in the [USPO's] response," supports Mr. Askew's Motion for Early Termination. [Doc. 1095 at 2]. The Court considers Mr. Askew's request below.

## LEGAL STANDARD

Congress established the system of supervised release in 1984, *United States v. Haymond*, --- U.S. ----, 139 S. Ct. 2369, 2382 (2019), with the intention to "assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Indeed, unlike parole, "supervised release wasn't introduced to replace a portion of the defendant's prison term, only to encourage rehabilitation *after* the completion of his prison term." *Haymond*, 139 S. Ct. at 2382 (citing United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012) (emphasis in original)). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 53–54.

A trial court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of

the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In so doing, the Court

considers certain sentencing factors set forth in 18 U.S.C. § 3553, including:

- The nature and circumstances of the offense and the history and characteristics of the defendant;

- The need for the sentence imposed to afford adequate deterrence to criminal conduct;

- The need for the sentence imposed to protect the public from further crimes of the defendant;

- The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant;

- Any pertinent policy statements;

- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); *see also* 18 U.S.C. § 3583(e) (permitting a

court to terminate supervised release after considering "the factors set forth in section 3553(a)(1),

(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").[5] Whether to grant a motion to

---

[5] In his Motion, Mr. Askew states that "there is a presumption in favor of recommending early termination" if an individual has completed at least 18 months of supervised release and meets additional criteria. [Doc. 1089 at 2–3]. The Judicial Conference has indeed advised that when a defendant has completed at least 18 months of supervision, "there is a presumption in favor of [the USPO] recommending early termination for persons who meet the following criteria:" (1) the person is not a career drug offender or career criminal and has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victim; (3) the person has no court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. *See Guide to Judiciary Policy*, Vol. 8 (Probation and Pretrial

terminate a term of supervised release is in the Court's discretion.  *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

## ANALYSIS

Mr. Askew's Motion does not specifically address the § 3553 factors.  *See generally* [Doc. 1089].  However, upon a review of the Motion and the Responses filed by the USPO and the United States, the Court finds that Mr. Askew's behavior and conduct warrant early termination of his supervised release and that termination of Mr. Askew's supervised release is in the interests of justice.  *See* 18 U.S.C. § 3583(e)(1).

The Court first considers the nature and circumstances of the offense and the history and characteristics of Mr. Askew.  18 U.S.C. § 3553(a)(1).  Mr. Askew does not dispute that his offenses are serious.  *See generally* [Doc. 1089].  The USPO assesses Mr. Askew's Post-Conviction Risk Assessment ("PCRA") as "moderate"—according to the USPO, "6% of offenders [in this category] have their supervision revoked and 19% are rearrested within the next 12 months." [Doc. 1094 at 1].  Moreover, the Court acknowledges that Mr. Askew has had a number of violations of his supervised release in that he tested positive for marijuana on several occasions—once in August 2020, five times between January and March 2021, and twice in March 2022.  [*Id.* at 2].

However, Mr. Askew has since "demonstrated sobriety" and has not had any violations of his supervised-release conditions for over one year.  [*Id.*].  Mr. Askew represents that he is not using alcohol or controlled substances, [Doc. 1089 at 4], and according to the USPO, Mr. Askew

---

Services, Part E (Post-Conviction Supervision), § 360.20(c) (July 2, 2018).  However, the Court notes that this presumption applies to *the USPO's early-termination recommendations*, but it does not apply to court determinations of such requests.  *United States v. Fattah*, No. 21-3177, 2022 WL 2437846, at *3 (3d Cir. July 5, 2022).  On the other hand, the Court is "statutorily bound" to consider the § 3553 factors in its analysis.  *Id.*

has "internalized the skills he learned in treatment and applies them to his life." [Doc. 1094 at 2].

Furthermore, Mr. Askew has maintained steady employment and represents that he intends to

"branch out" to potential new avenues of employment to "better support his family financially."

[Doc. 1089 at 3]. The USPO states that Mr. Askew "appears to be on a successful path and has

demonstrated stable employment, stable housing, sobriety, and the ability to self-manage in the

community." [Doc. 1094 at 2]. And notably, the USPO's PCRA assessment does not lead the

USPO to oppose Mr. Askew's request. *See generally* [*id.*].

While the USPO reports violations of the terms of Mr. Askew's supervised release, this

does not automatically necessitate denial of Mr. Askew's Motion. *See United States v. Al-Baderi*,

No. 2:17-CR-00219-DN, 2019 WL 575893, at *1 (D. Utah Feb. 12, 2019) (permitting early

termination even where the defendant had violated terms of release by testing positive for

cannabinoids); *United States v. Rousey*, No. 2:03-CR-933 TS, 2009 WL 4891829, at *1 (D. Utah

Dec. 17, 2009) (granting early termination even though the defendant had violated the terms of his

supervised release multiple times). The Court notes that while Mr. Askew has violated the terms

of his supervised release in the past, Mr. Askew has no reported violations in the last 15 months.

Indeed, the USPO supports his request for early termination. [Doc. 1094 at 2]. Thus, while the

Court takes Mr. Askew's violations seriously and finds that they do caution, to some extent, against

early termination of his release, Mr. Askew's continued and stable employment, stable and

supportive familial relationships, and continued compliance with the terms of his supervised

release over the past 15 months outweigh his previous violations and evince rehabilitation, such

that this factor weighs in favor of terminating his supervised release. *See Al-Baderi*, 2019 WL

575893, at *2; *see also United States v. Shaw*, 445 F. Supp. 3d 1160, 1167 (D. Colo. 2020) (finding

that the defendant's behavior and conduct merited early termination where the defendant

maintained steady employment and stable housing, had paid his court-ordered fines and restitution, had strong familial relationships, and had demonstrated a "dedication to becoming a positive role model and outstanding citizen").

In addition, the Court considers the sentencing range for Mr. Askew's offenses, 18 U.S.C. § 3553(a)(4), the need for the sentence imposed to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to avoid sentencing disparities. *Id.* § 3553(a)(6). Mr. Askew was sentenced to 130 months' imprisonment, which was within the guideline range. *See* [Doc. 645-1 at 5–6]. The Court finds that this guideline sentence imposed is sufficient to adequately deter similar criminal conduct, both by Mr. Askew and by others. *Compare United States v. Zambrano*, No. 17-20074-JAR-09, 2022 WL 1421569, at *2 (D. Kan. May 5, 2022) (where the defendant had served his custodial sentence and had served 16 of 48 months of his supervised-release term, concluding that the "severity of this punishment provides an adequate deterrent to others"). Furthermore, the Court notes that Mr. Askew has served over 85% of his supervised-release term. "[A]t this point in [his] sentence, early termination of his supervised release will not significantly reduce the reflection of the seriousness of [his] crime or the deterrent effect that [his] sentence produced." *United States v. Mikesell*, No. 2:03-CR-178-DAK, 2017 WL 367962, at *1 (D. Utah Jan. 25, 2017). And finally, Mr. Askew represents that his supervised-release conditions do not require any programming or treatment, and thus, the factor under § 3553(2)(D) "weighs in favor of early termination." *Zambrano*, 2022 WL 1421569, at *2.

For these reasons, the Court concludes that early termination of Mr. Askew's supervised release is appropriate under the circumstances of this case. The Motion for Early Termination is, therefore, **GRANTED**.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1)    The Motion for Early Termination of Supervised Release [Doc. 1089] is

**GRANTED**;

(2)    The United States Probation Office is directed to process the early termination of

Mr. Askew's supervised release;

(3)    The First Motion for Early Termination of Supervised Release [Doc. 1085] is

**DENIED as moot**; and

(4)    The Clerk of Court shall mail a copy of this Order to:

George H. Askew
325 East 55th Avenue
Denver, CO 80216

DATED:  June 30, 2023                          BY THE COURT:

Nina Y. Wang
United States District Judge